410 So.2d 943 (1982)
Jo DAVIDSON, Appellant,
v.
Murray DAVIDSON, Appellee.
No. 81-50.
District Court of Appeal of Florida, Fourth District.
February 3, 1982.
Rehearing Denied March 29, 1982.
Martha C. Warner of Warner, Fox & Seeley, Stuart, for appellant.
Jerrold A. Bross of Bross & Trachtman, P.A., Titusville, for appellee.
OWEN, WILLIAM C., Jr. (Retired) Associate Judge.
After dissolving the twenty-two year marriage of the parties, the court entered a separate judgment relating to monetary matters by which he awarded the fifty year old wife "lump sum" alimony in the amount of $124,800, payable $200 per week for twelve years, at which time the wife, at age sixty-two, would become eligible for social security benefits.
*944 Not dissatisfied with the amount of the weekly award of alimony, the wife nonetheless contends that the alimony should have been awarded on a permanent periodic basis rather than as a lump sum. Although the award was designated as lump sum alimony, we conceive it to be permanent periodic alimony of $200 per week for a total of twelve years. Whether the wife will commence receiving social security benefits at age sixty-two and, if so, whether the amount of such benefits will adequately meet her needs, cannot and should not be determined at this time. It is error to provide for a change or termination of permanent or periodic alimony based on the anticipated occurrence of an uncertain future event. See, e.g., Eskridge v. Eskridge, 381 So.2d 754 (Fla. 4th DCA 1980); Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); McCloskey v. McCloskey, 359 So.2d 494 (Fla. 4th DCA 1980).
The award of "lump sum" alimony is modified to an award of permanent periodic alimony payable $200 per week. As thus modified, the monetary benefits payable to the wife by the provisions of the final judgment are affirmed.
The court awarded to the wife an equitable lien on certain real property awarded to the husband for the purpose of securing the wife's award of lump sum alimony. In view of our changing the alimony award from lump sum to permanent periodic alimony, an equitable lien on the husband's real property to secure the payment of such alimony is not required by the facts of this case and to that extent the judgment is reversed.
In all other respects the judgment is affirmed.
REVERSED IN PART and AFFIRMED AS MODIFIED IN PART.
ANSTEAD and BERANEK, JJ., concur.