501 So.2d 38 (1986)
Bala RAO, Appellant,
v.
Charulata RAO, Appellee.
No. 86-94.
District Court of Appeal of Florida, Second District.
December 30, 1986.
*39 David A. Maney and Karen L. Jones of Maney, Damsker & Arledge, P.A., Tampa, for appellant.
Virginia R. Vetter, Tampa, for appellee.
PER CURIAM.
The final judgment in the instant matter provides that the rehabilitative alimony granted the wife is to increase from $1,000.00 per month to $1,500.00 per month for a period of two years from the date of her enrollment in a master's program or until such time as she receives a master's degree in nursing, whichever first occurs. For the increase to become effective, the wife was to enter the master's program by October 1, 1986. Thereafter, the award of permanent periodic alimony is to be in the amount of $500.00 per month. The husband challenges that aspect of the final judgment claiming that an automatic change in alimony upon the occurrence of a future event is improper.
It is true in the circumstance where there is no present evidentiary basis for the determination of future events and a procedure is available for a later modification of the judgment when a change in circumstances does occur, that an automatic modification is generally inappropriate. The prospective modification of a final judgment of dissolution, however, may be upheld when precisely drawn and conditioned upon a specifically identified occurrence. See Ramsey v. Ramsey, 431 So.2d 258 (Fla. 2d DCA 1983); Kangas v. Kangas, 420 So.2d 115 (Fla. 2d DCA 1982).
Based upon the record before us disclosing the circumstances surrounding the marriage and the benefits during coverture enjoyed by the wife, we conclude that the trial court did not err in predetermining the future permanent periodic alimony.
Affirmed.
RYDER, A.C.J., and CAMPBELL and FRANK, JJ., concur.