558 So.2d 198 (1990)
Lawrence W. PFLEGER, Appellant,
v.
Cresula S. PFLEGER, Appellee.
No. 89-00897.
District Court of Appeal of Florida, Second District.
March 21, 1990.
Anthony P. Prieto, Tampa, for appellant.
Glenn E. Brown of Glenn E. Brown, P.A., Tampa, for appellee.
PER CURIAM.
Lawrence and Cresula Pfleger were married in 1961. They separated briefly in 1977, but reunited after Mr. Pfleger agreed to execute a quitclaim deed relinquishing his interest in the marital home to his wife. Mr. Pfleger executed the deed and the parties cohabited until 1988, when they were divorced. Mr. Pfleger appeals from the final judgment of dissolution, which finds that the quitclaim deed is valid and that Mrs. Pfleger is the sole owner of the marital home.
Although these findings are correct, we reverse. That Mrs. Pfleger is the sole owner of the marital home does not mean Mr. Pfleger has no interest in it. During the eleven years they remained together *199 after he executed the quitclaim deed, Mr. Pfleger made most or all of the house payments, replaced the roof, and repainted the house. When the parties were divorced, the home was valued at $57,000. It appears that the home increased in value during those eleven years.
When separately owned assets increase in value during a marriage due to the expenditure of marital labor or funds, the amount of the increase is subject to equitable distribution. Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988). Once the expenditure of marital labor or funds has been established, increases in value attributable to marital labor, funds, inflation, and market conditions will all apply. Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988).
In this case, the home began as a marital asset but was converted into separately-owned property by the execution of the quitclaim deed. After that time, the parties reconciled and Mr. Pfleger spent marital funds and labor on the house. We hold that he is entitled to equitable distribution of the increase in the home's value that is attributable to his efforts.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.