571 So.2d 79 (1990)
Marion Elaine HITT, Appellant/Cross Appellee,
v.
Robert Arden HITT, Appellee/Cross Appellant.
Nos. 89-2343, 89-3216.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
*80 Bill B. Garrett and Jane Hawkins of Garrett & Gentile, P.A., Coral Springs, for appellant/cross appellee.
Terrence P. O'Connor of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellee/cross appellant.
PER CURIAM.
The former husband appeals various aspects of the final disposition of this dissolution of a long-term marriage. The former wife has filed a cross appeal. We find no merit in the points raised in the main appeal.
The former wife was awarded the sum of $2,200 per month as permanent, periodic alimony. Upon the former husband attaining the age of sixty years, this amount was to be automatically reduced to $1,100 per month.
As we have previously held, it is error to provide for an automatic, future change or termination of alimony based upon the anticipated occurrence of a future event. Davidson v. Davidson, 410 So.2d 943 (Fla. 4th DCA 1982). We note, without deciding, that there may be exceptions to this rule. See Rao v. Rao, 501 So.2d 38 (Fla. 2d DCA 1986). It is reasonably clear, however, that there can be no provision for an automatic change in the amount of alimony awarded unless the evidence supports a finding that the receiving spouse's financial position will in fact change in the future. Antonini v. Antonini, 473 So.2d 739 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 7 (Fla. 1986); Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985); Eskridge v. Eskridge, 381 So.2d 754, 755 (Fla. 4th DCA 1980); Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980). There was no such evidence before the court in this case.
We affirm the judgments appealed with the exception of the final paragraph of section 4 of the AMENDED FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE which, upon remand, shall be stricken.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, C.J., POLEN, J., and RIVKIND, LEONARD, Associate Judge, concur.