605 So.2d 1313 (1992)
James A. WATFORD, Appellant/Cross Appellee,
v.
Teresa WATFORD, Appellee/Cross Appellant.
No. 91-0658.
District Court of Appeal of Florida, Fourth District.
October 14, 1992.
*1314 Timothy W. Gaskill of DeSantis, Cook & Gaskill, North Palm Beach, and John R. Cook, Okeechobee, for appellant/cross appellee.
Joseph D. Farish, Jr. of Farish, Farish & Romani, West Palm Beach, for appellee/cross appellant.
WARNER, Judge.
This is an appeal of a final judgment of dissolution of marriage in which the wife was awarded lump sum alimony, permanent alimony, child support, and attorney's fees and costs. Both the husband and wife appeal, claiming errors on the part of the trial court. We reverse.
Appellant husband and appellee wife were married in 1979. The wife filed for divorce in 1989. During the marriage the husband worked for his family's trucking business, and the wife stayed at home and took care of their two children. The wife has experienced serious health problems, including a bone marrow transplant from which she has had host-donor complications. The court also heard testimony that the husband engaged in an adulterous relationship while married.
Appellant owned a 24% interest in his family's trucking business which was given to him by his father during the marriage. He also was given 45% interest in an incorporated cattle ranch and a 25% interest in investment acreage, all of which are family owned corporations. The husband also had a $50,000 cash surrender value of a life insurance policy and an interest in a family trust in excess of $500,000. The trial court found that the husband's net worth was in excess of $1,000,000 and possibly as high as $3,000,000. Finally, the trial court determined that the husband's income was at least $115,00 after taxes, and there was testimony to substantiate an additional $30,000 per year in benefits to the husband.
The trial court concluded that there were no marital assets because all of the husband's assets came from his parents. Since there was no enhancement in value of these as a result of the wife's labor, the appreciation in these assets also was not a marital asset. In order not to leave the wife penniless, the trial court awarded the wife: (1) the husband's interest in the marital home; (2) lump sum alimony of $100,000; (3) child support; (4) private school tuition; (5) full health and accident insurance for the wife and children; (6) ordered the husband to pay any future deductibles or unrecovered medical expenses for the children; and (7) attorney's fees and costs. The court further ordered that the wife's award would be secured by a lien on the husband's assets.
Appellant claims first that the trial court erred in awarding the wife lump sum alimony. Conversely, the wife claims that the trial court erred in determining that there were no marital assets subject to equitable distribution. We agree with the wife's contention.
The husband's assets were gifts from his parents of various shares of the family businesses. The husband worked in the businesses, particularly the trucking company, during the marriage. Marital appreciation of separately-owned assets is subject to equitable distribution if either spouse expended marital labor on that asset. Pfleger v. Pfleger, 558 So.2d 198 (Fla. 2d DCA 1990); see also Sanders v. Sanders, 547 So.2d 1014 (Fla. 1st DCA 1989). Here the trial court erroneously concluded that the wife would have to contribute toward the enhancement of the asset for the appreciation to constitute marital property. This was error. The husband worked in the trucking company full-time during the marriage. At least as to that asset, its appreciation of over $500,000 during the marriage is a marital asset subject to equitable distribution. On remand the court should determine which of the separately owned assets were enhanced as a result of the husband's labor in the enterprise, thus making the appreciation marital property. Then the trial court should equitably distribute the marital property. In order to accomplish this we also reverse the awards of the marital home and the lump sum alimony so that the court can fashion anew an equitable financial solution in this case.
*1315 The husband also complains that the trial court should have awarded only rehabilitative alimony and that the decision to award permanent alimony was the result of the court's consideration of his adultery. There is nothing in the record to support the contention that the trial court awarded permanent alimony as a punishment to the husband for his marital indiscretions. Evidence was taken on this issue, and the trial court considered it as it is entitled to do pursuant to section 61.08(1), Florida Statutes (1989). The husband's citation to Noah v. Noah, 491 So.2d 1124 (Fla. 1986) is simply inapposite. Indeed, absent the evidence of adultery there was a sufficient basis for the award of permanent alimony. The wife was obtaining a nursing degree, but even if she were to find employment there was no testimony that her level of earnings would be adequate to support her in the marital life-style. In fact, the combination of her potential future earnings, child support, and the alimony awarded, after taxes, would not cover all of the wife's expenses. Combined with her history of serious illness, we find no abuse of discretion. However, because we are reversing the equitable distribution determination, the trial court may reconsider the alimony award after determining the equitable distribution and what effect that may have on the wife's available income.
The trial court also ordered the husband to provide full health coverage for the wife and minor children and to pay any deductible amounts and medical expenses not covered by insurance. The Fifth District has held that it is error to fail to set such limits, see Marsh v. Marsh, 553 So.2d 366 (Fla. 5th DCA 1989); Richards v. Richards, 477 So.2d 620 (Fla. 5th DCA 1985). The approach of this district has been slightly different. In Brandenburg v. Brandenburg, 550 So.2d 565 (Fla. 4th DCA 1989), we held that a limitation in the final judgment of "reasonable and necessary" medical expenses was an adequate limitation as either party could apply for relief from such expenses should the circumstances require it. In Black v. Black, 490 So.2d 1334 (Fla. 4th DCA 1986), we remanded a final judgment to the trial court to include a limitation that medical expenses required to be paid by the husband must be "reasonable and necessary". Likewise, on remand we direct that the trial court must limit the insurance payments and medical expenses required of the husband to those which are reasonable and necessary. Because of the reservation of jurisdiction, the husband may in the future move for relief from these obligations should circumstances dictate.
Finally, the husband argues that the trial court abused its discretion by placing a lien on all of the husband's assets to secure the wife's awards. While section 61.08(3), Florida Statutes (1989) permits the trial court to order a lien on the property of a spouse to secure an alimony award, the trial court abuses its discretion by imposing an excessive lien. Kennedy v. Kennedy, 464 So.2d 1289 (Fla. 1st DCA 1985). In this case the trial court imposed a lien on over one million dollars of assets for an award of $100,000 and an award of permanent alimony. Since several of the assets alone were worth more than that, the trial court should have tailored the lien to the award, which it should do on remand.
We find no reversible error as to the remaining points on appeal.
We reverse and remand for further proceedings for the court to reconsider the equitable distribution of marital property. In doing so it may consider the other awards of support. If the same trial judge is to hear this case on remand, he may rely on the record presented at the original trial, or he may take additional evidence if he deems it necessary. If because of rotation of judges a new judge is assigned, a new hearing must occur. We would strongly urge that for the sake of economy both to the parties and the court that the same trial judge hear this case on remand even if that judge is now assigned to a different division.
ANSTEAD and FARMER, JJ., concur.