PER CURIAM.
This is an appeal from the final judgment of dissolution by the wife and a cross-appeal by the husband. We affirm both.
Although the wife raises several issues, we wish to discuss briefly only one. The trial court appropriately denied the wife’s claim based upon enhancement of the husband’s stock because of the antenuptial agreement of the parties which provided:
Husband is given full rights, liberty, authority and as fully in all respects the same as he would have if not married to use, enjoy, manage, convey, bequeath, mortgage, grant, sell, invest, reinvest, alienate and dispose of all and every part of any stock or other interest, or security he owns directly or indirectly, or may hereafter acquire in Headco Industries. The Agreement further provided that: Each party shall and does hereby disclaim, release, quitclaim and relinquish to the other, and their heirs ... all and every right, claim, and estate ... of every kind and character ... which either might, would or could have, hold or acquire in, to, or upon the above described property of the other by reason of said marriage or by reason of being or having been the husband or the wife of the other.
Neither the trial court, nor the parties could have been aware of Watford v. Wat-ford, 605 So.2d 1313 (Fla. 4th DCA 1992), decided after the final judgment and after the parties’ briefs were filed. While that decision would have affected our view of the trial court’s final judgment had there been no antenuptial agreement, the existence of the agreement moots any language of the final judgment which characterizes the passive nature of the enhancement and its exclusion as a marital asset. The still viable language of the final judgment is that governing part thereof based upon the parties’ agreement.
GLICKSTEIN, C.J., ANSTEAD, J., and OWEN, WILLIAM C„ Jr., Senior Judge, concur.