654 So.2d 616 (1995)
Dwyn Daniels ROBBIE, Appellant/Cross-Appellee,
v.
Joseph Michael ROBBIE, Appellee/Cross-Appellant.
No. 93-1525.
District Court of Appeal of Florida, Fourth District.
May 3, 1995.
Shelley M. Mitchell, Fort Lauderdale, for appellant/cross-appellee.
Alice Elizabeth Warwick of Warwick & Reynolds, P.A., Coral Gables, for appellee/cross-appellant.

*617 ON MOTION FOR CLARIFICATION

PER CURIAM.
We withdraw our prior opinion and substitute the following in its place.
In this dissolution, the trial judge determined that the entire appreciation over the marriage of the corporation in which the husband was employed was non-marital and denied any equitable distribution of its appreciated value to the wife. We reverse this determination.
Michael Robbie was given a 9.5% share of the Miami Sports Corporation by his father prior to the marriage to his wife Dwyn. Miami Sports Corporation has an ownership interest in a number of entities including the Miami Dolphins. Michael's full-time occupation during the marriage was as general manager and executive vice president of the Dolphins and as officer and director of virtually all of the Robbie family entities. During the marriage the Dolphins and thus the Sports Corporation substantially increased in value.
Joe Robbie, Sr., was the president of the Dolphins and definitely in charge of the financial management of the team and the corporation. It was clear from the testimony that he made the significant decisions regarding the franchise. Michael, his brother Tim, and Don Shula all testified that Michael did not have any authority to make decisions for the organization. Based on this testimony, the trial court determined that any appreciation in the organization did not result from and was not attributable to either spouse. Therefore, the appreciation in Michael's share of the corporation was a non-marital asset.
Michael was held out to the world as the general manager of the Dolphins. While he may have not made the command decisions, the testimony indicates that he carried through with the details, such as the change of season ticketholders from the Orange Bowl to Joe Robbie Stadium. Certainly, his efforts contributed to the franchise and thus its overall success. Section 61.075(5)(a)(2), Florida Statutes (1993), should not be construed so narrowly as to preclude an interest in a closely held family corporation from being considered a marital asset, where the spouse is employed full-time in its endeavors but is not the key decision-maker. If Michael, as general manager, contributed by carrying out the decisions made by others, then his marital labor was used to enhance the value of the corporation. See Watford v. Watford, 605 So.2d 1313 (Fla. 4th DCA 1992).
While we hold that the enhancement of value in the Sports Corporation during the marriage is marital property, we make no conclusion as to what portion of the enhancement value the wife is entitled to as equitable distribution.
As to the other points on appeal, we affirm. However, given our reversal of the equitable distribution, on remand the trial court may review the other awards made in fashioning an appropriate result.
Reversed and remanded for further proceedings.
HERSEY, GUNTHER and WARNER, JJ., concur.