664 So.2d 68 (1995)
Marsha DUNAGAN, Appellant,
v.
Larry W. DUNAGAN, Appellee.
Nos. 93-24, 93-1783.
District Court of Appeal of Florida, Third District.
December 13, 1995.
Elser, Greene, Hodor & Fabar and Cynthia L. Greene, Coral Gables, Alice Best, Miami, Andrew M. Leinoff, Coral Gables, for appellant.
Joe N. Unger and George C. Vogelsang, Miami, for appellee.
Before BARKDULL, JORGENSON and GODERICH, JJ.
GODERICH, Judge.
The wife, Marsha Dunagan, appeals from a final order on the issue of whether the husband's interests, including the enhanced value, in certain family-owned businesses are marital or non-marital property. The husband, Larry Dunagan, cross-appeals from the amended final judgment of dissolution of marriage. We affirm, in part, and reverse, in part.
In 1971, the parties were married. The husband had just graduated from Florida State University with a Bachelor's degree in Business Administration and Marketing, while the wife had left the University of Miami in the middle of her second year to marry the husband. At the time of the parties' marriage, the husband's only asset was 3,500 shares of nominal value stock in his father's company, Wayne's Fruit Groves, Inc. [Wayne's]. The wife had no assets of her own.
Throughout the course of the parties' twenty-one-year marriage, the husband worked in the farming and grove businesses with his father, while the wife took care of the home, the husband, and the children. For the last sixteen years, the parties lived in a marital residence adjacent to the businesses. The family room of their house faced the businesses so that the husband could view them and oversee the late-evening operations.
In September 1991, the husband filed a petition for dissolution of marriage, and in February 1992, the wife filed a counter-petition. The trial court bifurcated the proceedings in order to determine whether the husband's interests, including the enhanced value, in the family-owned businesses were marital or non-marital property.
On this issue, the trial court held a four-day trial. The testimony at trial revealed that the Dunagan family assets are comprised of four businesses. The first, Dunagan & Son, Inc., is a polebean business that is solely owned by the husband. The second, Wayne's, is a grove business of which the husband owns a 42.2% interest. Wayne's also holds title to the real estate of the other companies. The third business, Dunagan *69 Groves, Inc., is solely owned by the husband. The fourth, Case and Dunagan, is a joint venture between Dunagan Groves, Inc. and a corporation solely owned by the husband's sister. During the parties' marriage, these businesses have acquired several new parcels of land, and the businesses have increased in value.
At trial, the issue became whether any of the enhancement in value of these businesses was attributable to the husband's marital labor. The wife argued that the enhancement in value was directly attributable to the husband's marital labor in managing the businesses, while the husband argued that the enhancement in value was due to market forces and to his father's decision-making and that his involvement in the businesses was solely as an employee.
In December 1992, the trial court entered a final order on the issue of marital and non-marital property finding that the husband's interests in the family-owned businesses were "either obtained pre-marriage or by gift or inheritance from his Mother, Grandmother and Father during coverture." The trial court also found that the "Although `Pops' [the husband's father] slowly divested himself of ownership ..., the Court is satisfied from the believable and credible evidence that he remained The Decision Maker behind the son's titular power." The trial court stated, "Though the husband labored, he was paid for his efforts and that pay established the parties' lifestyle. Nor is the Court satisfied that it was the son's labor or efforts, rather than the Patriarch's that `enhanced' the value of the properties. On the contrary, the Court is satisfied that Pops' policies and planning is what built, enhanced these properties." Therefore, the trial court concluded that any enhancement in value in the husband's interests in these businesses was non-marital property belonging to the husband. (Case No. 93-24). The wife appeals from that order. Subsequently, final judgment was entered in the dissolution of marriage proceeding, and the husband cross-appeals from that judgment (Case No. 93-1743).
Throughout this appeal, the wife's position has been that the enhancement in value in the husband's interests in the family-owned businesses was directly attributable to his marital labor in managing the businesses. Subsequent to oral argument, the Fourth District Court of Appeal rendered its opinion in Robbie v. Robbie, 654 So.2d 616 (Fla. 4th DCA 1995), and upon this court's request, the parties filed supplemental briefs addressing the Robbie decision and its applicability to this case. In her supplemental brief, the wife argues that, as in Robbie, the husband worked long hours carrying out the father's decisions and that this marital labor was used to enhance the value of the businesses. As such, the enhancement in value of the husband's interests in the businesses is a marital asset subject to equitable distribution. We agree.
In Robbie, prior to his marriage, the husband, Michael Robbie, was given a 9.5% share of the Miami Sports Corporation by his father, Joe Robbie, Sr. The Miami Sports Corporation held an ownership interest in the Miami Dolphins, and during the marriage, Michael's full-time job was as general manager and executive vice-president of the Dolphins. During the parties' marriage, the Dolphins and Miami Sports Corporation increased in value. The testimony at trial revealed that Joe Robbie Sr. was the decision-maker of the Dolphins and Miami Sports Corporation and that Michael did not have the authority to make any decisions. The testimony, however, also revealed that Michael carried out his father's decisions. The trial court held that "any appreciation in the organization did not result from and was not attributable to either spouse. Therefore, the appreciation in Michael's share of the corporation was a non-marital asset." Robbie, 654 So.2d at 617.
On appeal, the Fourth District Court of Appeal reversed the trial court's determination:
Michael was held out to the world as the general manager of the Dolphins. While he may not have made the command decisions, the testimony indicates that he carried through with the details... . Certainly, his efforts contributed to the franchise and thus its overall success. Section 61.075(5)(a)(2), Florida Statutes (1993), should not be construed so narrowly as to *70 preclude an interest in a closely held family corporation from being considered a marital asset, where the spouse is employed full-time in its endeavors but is not the key decision-maker. If Michael, the general manager, contributed by carrying out the decisions made by others, then his marital labor was used to enhance the value of the corporation. See Watford v. Watford, 605 So.2d 1313 (Fla. 4th DCA 1992).
Robbie, 654 So.2d at 617.
We find that Robbie is directly applicable here. In the instant case, the husband's testimony shows and the trial court's findings of fact reflect that although the husband's father was clearly the decision maker, the husband was in charge of the day-to-day running of the businesses. As in Robbie, the husband's efforts in managing the day-to-day operations of the businesses and in carrying out his father's decisions certainly contributed to the overall success of the businesses. Therefore, the husband's marital labor was used to enhance the value of the businesses, and we find that the trial court erred in concluding that the enhancement in value of the husband's interests in the family-owned businesses were non-marital assets.
Because of this finding, we affirm that portion of the trial court's order determining that the husband's interests in the family-owned businesses were acquired by gift or inheritance and as such are his non-marital property, but we reverse that portion of the trial court's order determining that the enhancement in value of the family-owned businesses during the marriage is the husband's non-marital property. Even though we find that the enhancement in value of the family-owned businesses during the marriage is marital property, the case is remanded for a determination of what portion of the enhancement value the wife is entitled to as equitable distribution. As to the other issues raised on appeal, we affirm, but because our reversal will affect the equitable distribution, on remand the trial court may review the other awards it has made and fashion an appropriate result.
Affirmed, in part, reversed, in part, and remanded for further proceedings consistent with this opinion.