665 So.2d 370 (1996)
Cindy PAGANO, Appellant/Cross-Appellee,
v.
Dominic PAGANO, Appellee/Cross-Appellant.
Nos. 94-1031, 94-2150.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
*371 Ronald Sales of Ronald Sales, P.A. (withdrawn after filing briefs) and Kevin F. Richardson of Clyatt & Richardson, P.A., West Palm Beach, for appellant.
Terrence P. O'Connor of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellee.
STONE, Judge.
The amended final judgment of dissolution of marriage is reversed. The trial court failed to recognize any increase in value, during the marriage, of the husband's interest in his family's business as a marital asset. We note that the trial court did not have the benefit of our subsequently issued opinion in Robbie v. Robbie, 654 So.2d 616 (Fla. 4th DCA 1995), which we deem controlling.
We summarize the facts most favorably to the court's findings. The parties were married for 12 years and have three minor children. The husband is the president and operations manager of the family wholesale plumbing supply business. His father is the majority shareholder and retains financial control of the company. Although the husband's annual income in recent years of $111,000 is below what it was in a few past peak years, it had been artificially inflated in those instances to allow the husband to contribute the maximum allowable to the company's pension plan. The husband's accountant testified that the value of the appreciation of the husband's interest as a shareholder in the business during the marriage was $107,314. Although the wife suffers from depression and there is testimony that this might be impacted by the stress of employment, the illness, exacerbated by the use of alcohol, is currently under control through medication, does not affect her ability to function, and she previously acknowledged that she is physically and mentally able to work.
The trial court concluded that the husband's appreciated interest in the business was not a marital asset, in part because its present increased value was influenced by economic factors rather than being traced to his specific labor. The court also took into consideration its conclusion that the husband had been overcompensated for his position because he was the owner's son, and that there had been an erosion in the success of the business in recent years. The trial court determined that the value of the appreciation in the husband's share of the business was $19,634. However, the husband acknowledges that this figure is not supported in the record. Taking the evidence most favorably to the husband, its value is at least $107,314.
The trial court equitably divided the balance of the parties' property, and, in addition to child support and permanent alimony, awarded rehabilitative alimony of $2,000 per month for three years to be reduced to $1,000 per month for an additional three years. The court also noted that there simply was not enough money to go around out of the husband's net income, as the parties lived well beyond their means.
As the situation presented by the instant case is analogous to our decision in Robbie, we believe it was error not to treat the appreciated portion of the husband's interest in the business as a marital asset. In Robbie, Michael Robbie owned 9.5% of a corporation which, among other investments, owned the Miami Dolphins franchise. He was also employed full-time by the corporation *372 as a general manager and executive vice-president. The evidence reflected that Michael Robbie's authority involved carrying out, rather than making, the decisions for the organization and that financial control and the authority to make significant decisions rested with his father, the majority owner. In concluding that his interest constituted a marital asset, we said:
[s]ection 61.075(5)(a)2, Florida Statutes (1993), should not be construed so narrowly as to preclude an interest in a closely held family corporation from being considered a marital asset, where the spouse is employed full-time in its endeavors but is not the key decision-maker. If Michael, as general manager, contributed by carrying out the decisions made by others, then his marital labor was used to enhance the value of the corporation.
Id. at 617.
We need not determine whether our opinion otherwise conflicts with Macaluso v. Macaluso, 523 So.2d 615 (Fla. 2d DCA), rev. denied, 531 So.2d 1354 (Fla. 1988), as in that case the husband, although named as an officer in his family's corporation, did not occupy a position involving a significant management role, a distinction we consider significant. We recognize that purely passive increases in the value of a pre-marital asset caused by inflation are not subject to division. See generally Stefanowitz v. Stefanowitz, 586 So.2d 460 (Fla. 1st DCA 1991). However, asset appreciation constitutes a marital asset subject to equitable distribution where marital labor contributes to its value, notwithstanding that the increased value is primarily created passively by inflation, market conditions, or the conduct of others. See Robbie; Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988). We reject the husband's contention that the fact that he may have been overpaid in some prior years, for whatever reason, somehow constitutes a credit offset from the value of his interest in the appreciated value of the business. It is not asserted that any such prior overpayment constitutes a debt.
On remand, the trial court has the discretion to reconsider the other awards in the judgment to the extent that they may have been determined in reliance on the value of the equitable distribution, which will to some extent be modified in accordance with this opinion. As in Robbie, we make no determination as to how the marital assets are to be equitably distributed.
In all other respects, we affirm. We note, concerning the court's rehabilitative support scheme in which the amount of alimony is reduced from $2,000 per month to $1,000 per month after the first three years, that we have considered but deem inapplicable Hitt v. Hitt, 571 So.2d 79 (Fla. 4th DCA 1990).
In Hitt, we recognized that a judgment may not provide for an automatic change in permanent alimony at some future date absent proof that an anticipated future event or change in circumstances will occur. Here, there is no certainty that the wife's financial picture will improve or change to any particular extent after three years of rehabilitative alimony. Were this an award of permanent alimony, we would reverse the reduction on the authority of Hitt. See also Rao v. Rao, 501 So.2d 38 (Fla. 2d DCA 1986). However, we can discern no reason to apply the Hitt principle, that a prospective modification of permanent alimony must be tied to an identifiable future event, to a scheme of rehabilitative alimony. We note that the court, in its discretion, might have elected to terminate rehabilitative alimony earlier, or to disburse the same total $108,000 in equal payments, neither of which would benefit Appellant. It is also apparent that the court concluded that any additional rehabilitative support obligation would be inequitable to the husband, as the court specifically noted that the husband's total annual support payments, direct and indirect, exceed $60,000 and that substantially less than 1/3 of his net income remains to meet his needs. We cannot conclude that the rehabilitative alimony scheme adopted constitutes an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Kanouse v. Kanouse, 549 So.2d 1035 (Fla. 4th DCA 1989).
We also reject the wife's argument that the trial court was not free to conclude that she could return to the work force in the *373 face of her expert testimony that resulting stress, if any, might cause a return of her symptoms. The court was free to reject this opinion in light of evidence the court deemed conflicting, including the wife's statement that she was able to work and the testimony of several witnesses testifying on other issues relating to the wife's present ability to withstand the stresses of managing a household and parenting. We recognize that in Steinberg v. Steinberg, 614 So.2d 1127 (Fla. 4th DCA), rev. denied, 626 So.2d 208 (Fla. 1993), this court reversed an award of rehabilitative alimony, requiring the award of permanent alimony, where there was no basis for concluding that the wife would become employable at the end of the rehabilitative period. However, here, there is some record support for the court's conclusion that the wife is presently employable and, in any event, there is also an award of permanent alimony.
DELL and STEVENSON, JJ., concur.