677 So.2d 48 (1996)
Gary D. KENDALL, Appellant,
v.
Joyce A. KENDALL, Appellee.
No. 94-3685.
District Court of Appeal of Florida, Fourth District.
July 10, 1996.
*49 Bennett S. Cohn, Law Office of Bennett S. Cohn, West Palm Beach, for appellant.
Lynn G. Waxman and Louisa Smith-Adam, West Palm Beach, for appellee.
PER CURIAM.
This case arises from the dissolution of the parties' fifteen year marriage. The husband challenges the characterization and valuation of assets in equitable distribution, the awards of permanent periodic alimony and attorney's fees and costs, and the failure to exclude a witness upon violation of the rule of sequestration. We affirm on all issues.
In characterizing the assets, the trial court determined that by signing a prenuptial agreement, the wife had waived her interest in the original values of the husband's share of closely-held family companies, but that the husband's efforts during the marriage contributed to increases in the values of these companies. Without any citation to the record, the husband contends that the increase in value of his interest was due to inter vivos gifts. The trial judge noted that the husband had received gifts of stock and designated those as nonmarital property. The trial court's finding that increases in the companies' values were marital assets subject to equitable distribution is supported by competent substantial evidence, and we find no error. See § 61.075(5)(a)2, Fla. Stat. (1993); Pagano v. Pagano, 665 So.2d 370 (Fla. 4th DCA 1996); Robbie v. Robbie, 654 So.2d 616 (Fla. 4th DCA 1995).
As to the valuation of assets, the husband contends that the trial court erred in not discounting the value of his interests in the family companies. Although the husband contests the credentials of the wife's expert, there is competent substantial evidence to support the trial court's decision not to apply the discount factor suggested by the husband's expert. Further, the husband was not entitled to a credit for his share of the mortgage and lawn care payments made on the marital home, as these payments were awarded to the wife as temporary support. Roth v. Roth, 611 So.2d 1268 (Fla. 3d DCA 1993); Fitzgerald v. Fitzgerald, 558 So.2d 122 (Fla. 1st DCA 1990).
The trial court awarded the wife $650 per month in permanent periodic alimony and half of her attorney's fees and costs. Contrary to the husband's assertions, the parties did not leave the marriage in similar financial positions or with similar earning abilities. In addition, there was no evidence of the wife's ability to become self-supporting. The trial court found that the husband's earning ability was almost twice that of the wife's, and that the husband had nonmarital assets in excess of $400,000. The record supports these findings, which are permissible considerations for an award of alimony under section 61.08(2)(d), (g), Florida Statutes (1993). In awarding attorney's fees and costs, the trial court's consideration of the wife's need of assistance to prevent the inequitable diminution of the wife's share of the equitable distribution was appropriate. See Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla.1980). Further, the trial court properly looked to nonmarital assets as well as the parties' income-earning abilities in considering the financial resources of the parties under section 61.16, Florida Statutes (1993). Chandler v. Chandler, 624 So.2d 855 (Fla. 4th DCA 1993); Blackburn v. Blackburn, 513 So.2d 1360 (Fla. 2d DCA 1987). We find no abuse of discretion.
Finally, the husband has failed to demonstrate an abuse of discretion with resultant injury from violation of the rule of sequestration. See Spencer v. State, 133 So.2d 729, 731 (Fla.1961), cert. denied, 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283 (1962). The trial court allowed the wife's expert to testify after she had attended the pre-trial deposition of the husband's expert over the husband's objection. The husband has not demonstrated that the wife's expert's testimony was substantially affected by the testimony that she heard. See Baker v. Air-Kaman of Jacksonville, Inc., 510 So.2d 1222, 1225 (Fla. 1st DCA 1987).
Affirmed.
GLICKSTEIN, WARNER and POLEN, JJ., concur.