HENNING, PATTI ENGLANDER, Associate Judge.
This is the wife’s appeal and husband’s cross-appeal from a final order of dissolution of marriage. Consolidated herewith are two separate appeals of the husband from the award of fees and costs to the wife for trial proceedings and temporary appellate fees and costs.
Because the issue of whether appreciation of the husband’s interest in a closely held holding company is a marital asset subject to equitable distribution impacts all other findings made by the trial court, we write only on this issue.
In 1981 the husband’s parents formed a holding company, Triple M Investment Company (TMIC), to combine various family enterprises and to manage their activities. Subsidiaries of TMIC included Sub-Tropical Opportune Properties, Inc. (S.T.O.P.); Min-ton Realty, Inc.; Triple M. Groves; and Min-ton Sun, Inc. Each of the parents’ four sons were gifted stock in TMIC with the parents retaining 75% of the voting stock. All sons were officers on the board of directors of TMIC. Three of the sons, including the husband in this case, had primary management responsibility for at least one subsidiary.
The husband was chief operating officer of S.T.O.P. from 1981 to 1991 and was chief operating officer of Prudential Minton Realty which was incorporated and made a subsidiary in 1989 as Minton Realty, Inc. During the marriage he served as vice president of Triple M. Groves and Minton Sun, Inc. The husband worked full-time for TMIC and its subsidiaries and had some management responsibilities. He reported to the TMIC board concerning his companies’ activities and participated in board discussions. While it is undisputed that his parents made all business decisions for TMIC (the board perfunctorily adopted these decisions), the husband was nevertheless involved in the day-today carrying out of those decisions.
S.T.O.P. and Minton Realty, Inc., the companies run by the husband, were not successful enterprises for TMIC. However, the value of TMIC stock rose between 1981 and *937 1991. In 1991 the husband resigned from the board of TMIC but retained his stock ownership.
During the marriage the wife remained at home caring for their four children. She also worked part-time for Prudential Minton Realty teaching computer operations to the sales associates. Throughout the marriage she attended business meetings and conventions with her husband, entertained clients and hosted parties. In fact, two of the husband’s brothers had raised a proposal at a TMIC stockholders meeting to include the wives in the ownership of TMIC. They believed the wives should be given recognition for their support and efforts. They also argued that this would be reasonable since corporate guarantees required that the sons pledge personal assets some of which were jointly-owned with their spouses. While the board took no action on this recommendation the sons were instructed to research the matter to provide possible ways to permit the wives to participate in future ownership of TMIC.
The trial court specifically found that the husband’s stock in TMIC had a value of $2,760,255.00. The appreciation in value of the stock during the marriage was $2,442,-415.00. The trial court further concluded that the appreciation in value was a non-marital asset. The trial court noted that the facts of this case differed from those in our opinions in Pagano v. Pagano, 665 So.2d 370 (Fla. 4th DCA 1996) and Robbie v. Robbie, 654 So.2d 616 (Fla. 4th DCA 1995), because here the husband did not occupy a position which included a significant management role in TMIC and because S.T.O.P. and Minton Realty, Inc., for which he had management responsibility, incurred substantial losses for TMIC. The trial court misinterpreted our prior rulings.
In Robbie, we held that Section 61.075(5)(a)2, Florida Statutes (1993), should not be construed so narrowly as to preclude an interest in a closely held family corporation from being considered a marital asset where the spouse is employed full-time in its endeavors, but is not the key decision-maker. In that case, the husband was the son of Joe Robbie who dominated the Dolphins football team as well as the corporation of which the son was general manager. We further found that one can contribute to the value of a corporation by carrying out the decisions of others. Id. at 617. Such are the circumstances here.
In Pagano where the husband wás the operations manager of a business over which the father retained control, it was determined that the appreciated interest in the business was a marital asset even though its increased value was influenced by economic factors rather than traced to the husband’s specific labor. While we recognized that purely passive increases caused by inflation were not subject to division, asset appreciation is a marital asset subject to equitable distribution where marital labor contributes to its value, notwithstanding that the increased value is primarily created passively by inflation, market conditions, or the conduct of others. Id. at 372. Such are the circumstances here.
Thus, because any differences between the facts of this case and those in Robbie and Pagano are differences without distinction and because we find in the instant ease that the wife also contributed to the success of the business, we hold that it was error for the trial court to conclude that the almost two and one-half million dollar appreciation of TMIC between 1981 and 1991 was not a marital asset. Accordingly, we reverse the trial court’s findings on the issue.
On remand, the trial court should determine what portion of the enhanced value of stock the wife is entitled to as equitable distribution. We make no determination as to how the marital assets are to be equitably distributed. Moreover, the trial court has the discretion to reconsider all other awards in the judgment to fashion an appropriate result. It is conceivable that the other awards may have, in part, been determined in reliance on the value of the equitable distribution. See Robbie and Pagano.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
DELL and GUNTHER, JJ., concur.