714 So.2d 1093 (1998)
Joan C. LOSS, Appellant,
v.
Michael R. LOSS, Appellee.
No. 97-0343.
District Court of Appeal of Florida, Fourth District.
June 24, 1998.
Rehearing and Clarification Denied August 18, 1998.
Joan C. Loss, Plantation, pro se.
No appearance for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
In the prior appearance of this case, Loss v. Loss, 608 So.2d 39 (Fla. 4th DCA 1992), we reversed the economic provisions of the final judgment and remanded for further consideration of those issues. Pursuant to the mandate, the trial court entered a new judgment from which the former wife, acting as her own attorney, brings this appeal. She presents five issues in a somewhat unconventional brief. Among other things, she asks that we reinstate the original judgment overturned by our decision of six years ago, or in the alternative that we at least increase the monetary benefits awarded in the new judgment. *1094 She concludes, however, that in no event does she want the judgment reversed and remanded once again "as a total reversal [and remand] will only make matters worse." We cannot, of course, re-instate the original judgment. On the issues raised in the brief, discussed below, we modify the judgment in an insignificant respect and, as modified, affirm.
Appellant's point I is that the trial court abused its discretion by not compelling full financial disclosure from appellee and in determining financial matters without full financial disclosure. Appellee failed to serve income tax returns for 1994 and 1995 as required by Fla. Fam. L.R.P., Rule 12.285(d)(4). Although appellant filed a motion to compel production, the record does not show an order was entered on the motion. In the absence of a ruling on this motion there is nothing to review. See Fleming v. Peoples First Fin. Sav. & Loan Ass'n, 667 So.2d 273 (Fla. 1st DCA 1995). At trial, appellee produced general ledgers and financial reports of his P. A., but did not produce his income tax returns. Appellant not only made no objection to this failure to produce at trial but also made no showing that she was prejudiced by such failure. See Vaccaro v. Vaccaro, 677 So.2d 918 (Fla. 5th DCA 1996).
Appellant's points II, III and V arise out of orders[1] entered after the filing of the notice of appeal. We do not have jurisdiction to review any of these three orders. Bove v. Ocwen Fin. Corp., 23 Fla. L. Weekly D564, ___ So.2d ___ (Fla. 4th DCA Feb.25, 1998).
Appellant's point IV is that it was error for the court to provide for an automatic future reduction of alimony beginning in August, 1999. Generally, it is error to provide for an automatic, future change or termination of alimony based upon the anticipated occurrence of a future event. See Hitt v. Hitt, 571 So.2d 79 (Fla. 4th DCA 1990); Davidson v. Davidson, 410 So.2d 943 (Fla. 4th DCA 1982). However, we also recognized in Hitt that such an automatic reduction would not be improper where the evidence supports a finding that the receiving spouse's financial position will in fact change in the future. In this case the evidence shows that appellant is due to make the final monthly payment on the mortgage encumbering the marital home[2] in September, 1999. The amount by which the monthly alimony is due to be reduced is approximately equal to the amount of the monthly mortgage payment. We hold, therefore, that the trial court did not err in providing for the reduction. However, because the evidence shows that the final payment is due in September, 1999, the final judgment should be and hereby is modified to provide that the automatic reduction commences in October, 1999. Our holding on this point, of course, does not preclude appellant from requesting a modification in the future if some other circumstance changes.
AFFIRMED, as modified.
WARNER and FARMER, JJ., concur.
NOTES
[1] One of these orders, pertaining to Mrs. Loss' motion to have the court enforce an order requiring her former husband to transfer ownership of a certain life insurance policy, merely deferred ruling to a subsequent time and would not have been appealable in any event.
[2] The former marital home, along with certain other marital property, was awarded to appellant as part of the equitable distribution. The monthly payments on the mortgage encumbering the former marital home became the appellant's responsibility.