PER CURIAM.
In this companion ease to Loss v. Loss, 714 So.2d 1093 (Fla. 4th DCA 1998), appellant asserts various reasons why the court erred in its order awarding attorney’s fees and a charging lien to her discharged former lawyer. We find them to be without merit and therefore affirm.
This divorce litigation between appellant and her former husband has been protracted and bitterly contested. In November 1990, appellant retained Charles D. Franken, Esq., as her attorney. In June 1991, appellant discharged Mr. Franken, as a result of which he obtained an order in July 1991, permitting him to withdraw as her attorney. The court reserved jurisdiction to hear at a later date his pending motion for award of fees and a charging lien. An evidentiary hearing on that motion was not held until March 1996. Mr. Franken was unable to produce a written contract. He produced his time records and testified that his agreement with appellant was for a fee of $200 per hour to be paid from assets recovered by appellant from the litigation. Appellant testified that the agreement was for a fee of $125 per hour, to be paid by her then husband. She also argued, as she does here, that Mr. Franken had been paid in full and that the reversal of the original judgment was due to Mr. Franken’s incompetence. The court resolved these disputed facts against appellant’s position, and found that the amount claimed was reasonable, that appellant’s former husband had already paid a substantial part of Mr. Frank-en’s fee, and that by virtue of the equitable distribution of property appellant not only had sufficient assets to pay the balance due but also such property was properly subject to a charging lien.
Appellant first argues here that it was error -to impose a charging lien against her property when her former husband failed to make a full financial disclosure. This is merely a rehash of the identical issue raised *1098 (and discussed) in the companion case. She next argues that the trial court failed to consider the disparity of income of the parties in making the award of attorney’s fees. It is clear from the record that the trial court took into consideration not only the income but also the financial resources of the parties. No abuse of discretion has been shown on this issue. In her remaining arguments, i.e., that (1) the trial court should have required her former husband to pay her attorney’s fees because the attorney’s conduct harmed appellant and benefitted the former husband, (2) the court erred in not finding that the attorney had already been paid for his services, and (3) the court erred in not finding that the fees were incorrect and without justification, appellant simply takes issue with the court’s factual findings, all of which are record supported.
AFFIRMED.
WARNER and FARMER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.