720 So.2d 582 (1998)
Diane BAGLEY, Appellant,
v.
Paul BAGLEY, Appellee.
No. 97-3695.
District Court of Appeal of Florida, Fourth District.
October 14, 1998.
Rehearing Denied December 2, 1998.
*583 G. Michael Keenan and Randy D. Ellison of West Palm Beach, for appellant.
Scott Glassman, West Palm Beach, and Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, former wife, appeals from Final Judgment in a dissolution of marriage action in which she alleges that the trial court committed reversible error with respect to three issues. Appellant argues that the trial court abused its discretion in denying former wife an award of permanent alimony; that the trial court erred in both the amount and characterization of its "bridge the gap" award to appellant; and that the trial court abused its discretion in refusing to award appellant attorney's fees in light of appellant's and appellee's disparate financial condition.
We affirm the first two issues raised by appellant without further discussion. We find merit in the third point raised by appellant and accordingly, reverse and remand with directions to the trial court to amend its Final Judgment.
An award of attorney's fees in a dissolution proceeding depends upon the relative financial circumstances of the parties pursuant to section 61.16, Florida Statutes. See Segall v. Segall, 708 So.2d 983, 989 (Fla. 4th DCA 1998). Section 61.16(1), Florida Statutes (1995) provides that, after considering the financial resources of both parties, the court may order one party to pay the other's reasonable attorney's fees and costs. The purpose of this law is to insure that both parties are able to retain competent legal counsel. See Cummings v. Cummings, 330 So.2d 134 (Fla.1976). Thus, the proper inquiry is whether one spouse has a need for such fees and the other has the ability to pay them. See Segall, 708 So.2d at 989.
In considering a request for attorney's fees, it is appropriate for the court to consider the wife's need for assistance to prevent the inequitable diminution of her *584 share of the equitable distribution. See Kendall v. Kendall, 677 So.2d 48 (Fla. 4th DCA 1996). In addition, the court can look to the nonmarital assets as well as the parties' income-earning abilities in considering the financial resources of the parties under section 61.16. See id.
In this case, while the trial court appropriately considered income-earning abilities of the parties, it failed to consider the nonmarital assets of the parties. Here, the appellee's nonmarital assets vastly exceeded those of the appellant and should have been taken into consideration when establishing ability to pay attorney's fees. See Chandler v. Chandler, 624 So.2d 855 (Fla. 4th DCA 1993).
We therefore affirm the judgment in all respects except for the disallowance of appellant's attorney's fees. We accordingly remand to the trial court to conduct an evidentiary hearing to determine an appropriate amount to be awarded to former wife for attorney's fees.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STEVENSON, J., and COHN, JAMES I., Associate Judge, concur.