739 So.2d 654 (1999)
Pia HOUGH, Appellant/Cross-Appellee,
v.
Robert HOUGH, Appellee/Cross-Appellant.
No. 98-1779.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Rehearing Denied October 6, 1999.
*655 R. Anthony Russo, Plantation, for appellant/cross-appellee.
Mark H. Klein, Fort Lauderdale, for appellee/cross-appellant.
WARNER, C.J.
The wife appeals a final judgment of dissolution, principally claiming that the award of alimony was an abuse of discretion and that the court should have awarded her attorney's fees. On cross-appeal, the husband primarily claims that the court erred in awarding permanent as opposed to rehabilitative alimony and additional amounts to cover the cost of maintaining two residences for one year while attempting to obtain a buyer.
We affirm as to the alimony awards, finding that neither party has shown an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980). We reverse the denial of the wife's attorney's fees, because even with the equal distribution of the assets, the husband's income is greater than the wife's, and he is in a better position to pay the attorney's fees. It is apparent from the record that the wife would have to invade her assets in order to pay attorney's fees, while the husband could pay them from his income. Under these circumstances, the court should have awarded attorney's fees to the wife. See Bagley v. Bagley, 720 So.2d 582, 584 (Fla. 4th DCA 1998).
In its final order the trial court also provided for review of the alimony award when the husband reached the age of 62, based upon his testimony that it was the parties' plan that he would retire at age 59 and by that time she would have finished her education and have established a practice in psychology. We strike that portion of the order, as the issue of modification at a future date was neither pled nor proved. See Cortina v. Cortina, 98 So.2d 334, 337 (Fla.1957). Moreover, the court did not award the wife rehabilitative alimony in order to obtain her education and achieve that part of the plan of starting a practice.
As to all other issues we affirm.
STONE and STEVENSON, JJ., concur.