782 So.2d 986 (2001)
Sandy M. WEISER, Appellant,
v.
Joan P. WEISER, Appellee.
Nos. 4D99-4057, 4D00-311.
District Court of Appeal of Florida, Fourth District.
April 18, 2001.
Patrick M. O'Hara of Patrick M. O'Hara, P.A., West Palm Beach, for appellant.
Matthew S. Nugent of Law Office of Matthew S. Nugent, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
LENDERMAN, JOHN C., Associate Judge.
We grant appellee's motion for rehearing, withdraw our prior opinion, and substitute the following:
The former husband appeals a final judgment that (1) divided marital property and debts; (2) awarded the wife permanent alimony; (3) awarded child support; and (4) awarded attorney's fees. We conclude that the court's plan of equitable distribution pursuant to section 61.075, Florida Statutes (1997), is without error. However, based on the record, the child support awarded must be recalculated. We also reverse the automatic future reduction in the alimony provision.
This was a marriage of nineteen years with two minor sons, ages 15 and 13. The trial court found that the husband's total *987 present monthly net income was $10,000 per month supplemented by $2,000 per month in gifts from his family. At trial the husband agreed that his monthly net income for the purposes of calculating child support and alimony should include the monthly gifts as well as his earned income. The gift issue is not before this court. Based on the parties' agreement during their marriage that the wife would be a stay-at-home mother, the trial court did not impute income to the wife. The trial court properly determined that the wife was entitled to alimony and child support. The trial court awarded the wife $4,000 per month alimony until the parties' youngest child reaches the age of 18 or graduates from high school. At that time, the alimony is reduced to $2,500 per month. The trial court intended the $4,000 monthly alimony payments to be included in the wife's income and excluded from the husband's income.
The court also ordered the husband to pay the wife child support and attorney's fees. In determining child support, the $4,000 per month gross alimony award was the basis for calculating the wife's income. The husband's available monthly income was determined based on his pre-dissolution income tax filing status without tax affecting the alimony exclusion.

Child Support
For the purpose of calculating child support, section 61.30(3)(a), Florida Statutes (1997), permits deductions from gross income for federal taxes "adjusted for actual filing status and allowable dependents and income tax liabilities." "Actual filing status" contemplates post-dissolution filing status. Thus, child support for the two children must be recalculated based on each parent's net income, as adjusted for their post-dissolution income tax filing status and for the shift in income based upon the alimony payment. The husband is entitled to exclude the amount of alimony from his gross income. See § 61.30(3)(g), Fla. Stat. Conversely, the wife must include the alimony in her income and then make the proper income tax deductions. See § 61.30(2)(a)9, Fla. Stat.

Automatic Reduction of Alimony
The final judgment automatically reduces the permanent alimony from $4,000 per month to $2,500 when the youngest child reaches the age of 18 or graduates from high school.[1] The husband correctly argues the automatic reduction of permanent alimony is impermissible. He cites to Loss v. Loss, 714 So.2d 1093, 1094 (Fla. 4th DCA 1998), where we previously held:
Generally, it is error to provide for an automatic, future change or termination of alimony based upon the anticipated occurrence of a future event. See Hitt v. Hitt, 571 So.2d 79 (Fla. 4th DCA 1990); Davidson v. Davidson, 410 So.2d 943 (Fla. 4th DCA 1982). However, we also recognized in Hitt that such an automatic reduction would not be improper where the evidence supports a finding that the receiving spouse's financial position will in fact change in the future.
In Loss, the mortgage encumbering the marital home was to be paid off at a certain date. Id. The alimony reduction coincided with the last payment on the mortgage. Id.
There is no evidence before the court to determine whether the wife will, in fact, be *988 employed or the husband will continue to have earnings at the current level in five years when the youngest child reaches the age of majority. Accordingly, we reverse on this issue. If there is a later change in circumstances, the issue may be addressed at a modification proceeding pursuant to section 61.14(1)(a), Florida Statutes (1999).

Conclusion
The judgment is affirmed on issues of parental responsibility, dissolution of the marriage, the amount of alimony, attorney's fees and equitable distribution. We reverse and remand to the trial court for findings consistent with this opinion on the issue of available monthly income. Once the court determines available monthly income after considering the parties' tax obligations, it shall redetermine child support. We also reverse the automatic reduction of alimony
Reversed and remanded.
WARNER, C.J., and TAYLOR, J., concur.
NOTES
[1] The parties and the court intended the shifting of income between the parties for favorable tax consequences. The automatic reduction of alimony from $4,000 to $2,500 upon the youngest child reaching the age of majority may not satisfy the requirements of IRC section 71(c). See also Is It Alimony as Defined in I.R.C. § 71?, Common Errors as to Whether a Stream of Payments are Taxable/Deductible, FLA. B.J. 76 (Oct.2000).