866 So.2d 118 (2004)
Irwin K. CHAPMAN, Appellant,
v.
Barbara CHAPMAN, Appellee.
No. 4D03-716.
District Court of Appeal of Florida, Fourth District.
February 11, 2004.
Lewis Kapner of Lewis Kapner, P.A., West Palm Beach, for appellant.
Jorge M. Cestero of Sasser, Cestero & Sasser, P.A., West Palm Beach, for appellee.
KLEIN, J.
The issue in this appeal from a judgment dissolving a marriage is whether the trial court erred in holding that a portion of the increase in value of the husband's premarital securities resulted from marital labor, making it marital property. We reject the husband's contention that the fourteen percent annual return he achieved over twenty-five years was purely passive.
Section 61.075(5)(a) defines marital assets as including the "enhancement in value and appreciation of nonmarital assets resulting ... from the efforts of either party during the marriage."
The husband testified that his efforts in regard to the securities, which were in his retirement fund, were limited to replacing investment grade bonds, as they became due, with similar bonds. He contends that the enhancement in value was therefore passive and should not be considered a marital asset under the statute.
If the husband's testimony had been believable, he would have a point. His testimony, however, was contradicted by the records from his brokerage account. The wife's expert testified, based on those records, that the husband was actively trading stocks and bonds, which enabled him to achieve a greater annual return than the benchmark for stocks, the Standard & *119 Poors 500 Stock Index.[1] The benchmark for investment grade bonds, the Lehman Brothers Aggregate Bond Index, returned about four percent less than the S & P Stock Index during this same period. The evidence that the husband was actively trading stocks and bonds was sufficient to support the trial court's finding that enhancement resulted from his efforts during the marriage.
Rather than complaining, the husband in this case should have considered himself fortunate, because the trial court did not find that the entire fourteen percent annual enhancement was due to his efforts. Rather, based on the testimony of the wife's expert, the court deducted a portion of the enhancement which could have been achieved if these assets had been passively invested in bonds, as the husband claimed had been the case. That portion of the annual return, the court found, was not marital property. Although the wife has not cross-appealed the apportionment, we address it in order to clarify a prior decision of this court.
In Pagano v. Pagano, 665 So.2d 370 (Fla. 4th DCA 1996), the issue was whether the increase in the value of stock in the family business, in which the husband was a shareholder, the president, and the operations manager, was a marital asset. The trial court had held that the appreciation in the husband's stock in the business was the result of economic factors, not his labor. We reversed, holding that all of the increase in valuation would be marital even if not all of it could be attributable to his efforts. We said:
We recognize that purely passive increases in the value of a pre-marital asset caused by inflation are not subject to division. See generally Stefanowitz v. Stefanowitz, 586 So.2d 460 (Fla. 1st DCA 1991). However, asset appreciation constitutes a marital asset subject to equitable distribution where marital labor contributes to its value, notwithstanding that the increased value is primarily created passively by inflation, market conditions, or the conduct of others.
Id. at 372 (emphasis added).
The emphasized statement has been cited by at least one other court as being applicable to the increase in a stock brokerage account. Sizemore v. Sizemore, 767 So.2d 545 (Fla. 5th DCA 2000). We conclude that the emphasized statement in Pagano, read in light of the preceding sentence, was intended to be limited to the facts of Pagano, i.e., a business in which there was no proof that the increase in the value of the stock during the marriage was not from marital efforts. The burden of proof as to this issue is on the spouse who wishes to show that the asset acquired during the marriage (in Pagano the increase in value of the stock in the business) is not marital property. Gladstone v. Gladstone, 733 So.2d 1090 (Fla. 4th DCA 1999); Deas v. Deas, 592 So.2d 1221 *120 (Fla. 1st DCA 1992). The husband did not carry that burden in Pagano.
This narrow interpretation of Pagano is supported by Oxley v. Oxley, 695 So.2d 364 (Fla. 4th DCA 1997). In Oxley, the asset was not a family business, but rather investments which were in a trust. We observed that, because the trial court had found that the husband's role in regard to the investments did not constitute a marital effort, we did not have to address "apportioning the increase between passive appreciation and that portion attributable to effort." Oxley at 368 n. 1. We thus recognized in Oxley, in which we cited Pagano, that apportionment between active efforts and passive factors would be appropriate.[2]
Pagano should thus be limited to its facts, which were similar to the facts in Robbie v. Robbie, 654 So.2d 616 (Fla. 4th DCA 1995), which we deemed controlling in Pagano. In each of those cases the businesses were family owned, and there was no proof which would have enabled a court to apportion the increase in the value of the business between passive factors and marital labor.
Affirmed.
MAY, J., and HOROWITZ, ALFRED J., Associate Judge, concur.
NOTES
[1] Although it is unnecessary to our conclusion, it is worth noting that the husband outperformed the majority of professional stock managers, including mutual funds. A study done by Goldman Sachs reported in 1995 that less than thirty percent of professional stock managers had outperformed the S & P 500 Index for the preceding one, three and five year periods. Harold R. Evensky, Wealth Management, The Financial Advisor's Guide to Investing and Managing Client Assets 328 (1997). A passive investment in an S & P 500 Stock Index fund during the twenty-five year period involved in this case would have produced an annual return of about twelve percent. See Vanguard 500 Index Fund Investor Shares. http://www.vanguard.com Annual returns for key indexes such as the S & P 500 and the Lehman Brothers Aggregate Bond Index are available at http://www.callan.com.
[2] In addition to the fact that Oxley cited Pagano, both opinions were authored by the same judge and another judge of this court was on both panels.