GROSS, C.J.,
concurring specially in the denying of the motion for rehearing and rehearing en banc.
Appellant’s motion for rehearing en banc was directed at the issue of prejudgment interest. In the proper case, when the issue is before us, this court should recede en banc from Chapman v. Chapman, 866 So.2d 118 (Fla. 4th DCA 2004), and O'Neill v. O’Neill, 868 So.2d 3 (Fla. 4th DCA 2004). Read together, these cases hold that the appreciation in the value of a non-marital brokerage account during a marriage is a marital asset to the extent that it exceeds the passive appreciation in the brokerage account as measured by an appropriate stock index. These cases have gone beyond the language of the statute to create complexity where a spouse brings assets to a marriage.
Chapman and O’Neill involved the application of two subsections of section 61.075, Florida Statutes (2008). First, subsections 61.075(6)(a)l.a. and b. include in the definition of “marital asset”:
a. Assets acquired and liabilities incurred during the marriage, individually by either spouse or jointly by them.
b. [T]he enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both.
Second, under subsections 61.075(6)(b)l., and 3., “nonmarital assets” include:
1. Assets acquired ... by either party prior to the marriage, and assets acquired ... in exchange for such assets
[[Image here]]
3. All income derived from nonmari-tal assets during the marriage unless the income was treated, used, or relied upon by the parties as a marital asset.
It is the individual securities in a brokerage account that are chapter 61 “assets,” not a brokerage account as a whole. Our case law improperly focuses on the appreciation of the account rather than the assets held in it.
These statutes do not require that appreciation of stocks in a non-marital brokerage account during a marriage be treated as marital assets. It is the individual stocks that are the “assets” in a brokerage account and the stocks do not appreciate as a result of marital effort. Chapter 61 does not define an asset. One common definition is an “item that is owned and has value.” Black’s Law Dictionary 125 (8th ed.2004). When it comes to a brokerage account containing individual stocks that a spouse brings into the marriage, it is the individual stocks that are the “assets” and not the brokerage account as a whole. The brokerage account is simply a convenient holding and *842 trading mechanism for the many different stocks a person may own. The statute uses the term “asset” to connote something that can be “acquired,” something that can be bought and sold. It is the individual stocks that are “acquired” in the brokerage account, not the account itself. It is the individual stocks that appreciate. If a spouse owns stock in a non-marital brokerage account, unless a spouse is an officer or director of the company, the stock cannot be said to appreciate “from the efforts” of that spouse during the marriage. The stock does not know who owns it. Appreciation in the value of a typical stock is due to the management of the company and market forces, not to the spouse’s decision to include the stock in a portfolio. Until Chapman, a reasonable reading of the statute was that it covered the direct expenditure of “marital effort” on an asset, such as working in a small business or renovating a piece of real estate, and not the decision to own a stock.
This narrow view of an “asset” finds support in Chapter 61. The statutory definition of non-marital assets contemplates that assets in a brokerage account can be bought and sold without altering the non-marital designation of the assets in the account. Non-marital assets include “assets acquired ... prior to the marriage, and assets acquired ... in exchange for such assets.” § 61.075(6)(b)l., Fla. Stat. (2008). If a non-marital stock is sold during the marriage, and other stocks, bonds, or mutual funds are acquired, they are acquired “in exchange” for the non-marital assets and should retain their non-marital character.
This was not a case where the husband’s premarital brokerage account swelled because of the contribution of marital funds. But for Chapman and O’Neill, I would reverse the trial court’s determination and hold that the entire amount of the husband’s account was non-marital.