DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDREW FORSSELL,**
Appellant,

v.

**HEATHER FORSSELL,**
Appellee.

Nos. 4D15-702 & 4D15-730

[ January 6, 2016 ]

Consolidated non-final appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case Nos. FMCE13-009398 and DVCE 14-1319 42 58.

Daniel E. Forrest of the Law Office of Daniel E. Forrest, P.A., Plantation, for appellant.

Joyce A. Julian of Joyce Julian, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

Andrew Forssell (the father) appeals a nonfinal order granting the verified emergency motion of his former wife, Heather Forssell (the mother), to suspend indefinitely his time-sharing with the parties' minor children (Case Number 4D15-702). In a separate case, he also appeals a nonfinal order denying the parties' joint request to vacate and dissolve the final judgment for protection against domestic violence, which the mother had obtained against him (Case No. 4D 15-730). We consolidated these two cases for all purposes. We reverse the time-sharing order in part and also reverse the order denying the motion to vacate and dissolve the injunction.

We reject without discussion most of the father's arguments for reversing the order suspending time-sharing, and we affirm the temporary suspension. We reverse the order in part, however, because the trial court abused its discretion in failing to set forth, in the order, the steps the father must take to re-establish time-sharing. *Ross v. Botha*, 867 So. 2d 567, 571 (Fla. 4th DCA 2004); *Grigsby v. Grigsby*, 39 So. 3d 453, 456-57 (Fla. 2d DCA 2010); *Hunter v. Hunter*, 540 So.2d 235, 238 (Fla. 3d DCA 1989).

On remand, the trial court may consider the need for a psychological evaluation, a parenting course, and/or an anger management course before the father may resuming time-sharing.

We also reverse the order denying the parties' joint request to vacate and dissolve the final judgment for protection against domestic violence. Either party may move to modify or dissolve a domestic violence injunction at any time. Fla. Fam. L.R.P. 12.610(c)(6); § 741.30(10), Fla. Stat. (2014). When a motion is legally sufficient, the trial court should afford the movant an opportunity to be heard, rather than summarily denying the motion. *Betterman v. Kukelhan*, 977 So. 2d 702, 703 (Fla. 4th DCA 2008). In this case, the trial court erred in denying the parties' joint request to dissolve the injunction without affording the father the opportunity to be heard. Accordingly, we direct the trial court on remand to hold a hearing.

*Affirmed in part, Reversed in part, and Remanded.*

TAYLOR, LEVINE and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***