DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SONYA WITT-BAHLS,**
Appellant,

v.

**DENNIS BAHLS,**
Appellee.

No. 4D14-152

[April 20, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Tim Bailey, Judge; L.T. Case No. FMCE 11-000673 (41).

Lori D. Shelby, Fort Lauderdale, for appellant.

Theodore H. Uno of Boies, Schiller & Flexner LLP, Hollywood (withdrawn after filing brief), for appellee.

*ON MOTION FOR REHEARING*

PER CURIAM.

Appellant filed a motion for rehearing for the sole purpose of conforming certain language to that currently used in the relevant statutes. We grant the motion, withdraw the opinion of this Court issued February 3, 2016, and substitute the following.

In this case, Appellant Sonya Witt-Bahls ("the wife") appeals various aspects of the Final Judgment of Dissolution of Marriage between her and Appellee Dennis Bahls ("the husband"). We reverse the judgment insofar as it failed to provide the specific steps required for the wife to reestablish contact with her child beyond supervised timesharing. We affirm on all other issues, but write to address the passivity of appreciation of stock in a marriage.

**Background**

The husband worked at Kiewit Incorporated ("Kiewit") for twelve years prior to the marriage. Kiewit is a privately-held international company

employing thousands of people. The husband was demoted at least twice during the marriage and was eventually terminated. At his highest position, there were seven or eight levels of management above the husband.

The husband had purchased a large number of shares of Kiewit stock prior to the marriage. The husband purchased these shares using a bank loan on which he made monthly repayments. A CPA called by the husband testified that there had been no payments on the loan other than interest payments. When the husband was terminated from Kiewit, his stock was liquidated. The stock sold for substantially more than the outstanding balance of the loan used to purchase them. The trial court found that the appreciation of the stock was passive and therefore not a marital asset subject to equitable distribution.

In addition to testimony regarding their financial affairs, the trial court also heard from many individuals regarding the issue of appropriate parental responsibility and timesharing for the parties' child. This testimony included recommendations that the wife receive therapy and worries that the wife had coached the child into making false reports of abuse. The trial judge's takeaway was that he was "concern[ed]" with the wife and that "it would [not] be in [the child's] best interest if mom's time with him was unsupervised."

The court found that "joint decision making would be detrimental to [the child] in this case as of today. As of today." The court did not order counselling or therapy for the wife, and instead "want[ed] to see what mom is going to do about [the court's concerns]." The court specifically said that it was not "com[ing] up with a magical answer." Instead, the court said that, "[s]hould the day come when mom and dad and [the child], or any combination, along with healthcare providers thinks it would be a good idea to drop the supervised conditions, you come back and see me."

The court ordered shared parental responsibility with the husband having ultimate decision-making and also ordered that the husband have majority timesharing and that wife have no unsupervised contact with the child.

**Analysis**

I. *Appreciation of Stock*

Determinations of assets as marital or nonmarital are reviewed de novo. *Preudhomme v. Bailey*, 82 So. 3d 138, 140 (Fla. 4th DCA 2012). Marital

assets are subject to distribution between the formerly married parties. §
61.075(1), Fla. Stat. (2015). Marital assets include "[t]he enhancement in
value and appreciation of nonmarital assets resulting either from the
efforts of either party during the marriage or from the contribution to or
expenditure thereon of marital funds or other forms of marital assets, or
both." *Id.* § 61.705(6)(a)1.b.

The enhanced value of stock from a company for which the owning
spouse works *can* be considered a marital asset and be subject to equitable
distribution. *See, e.g.*, *Pagano v. Pagano*, 665 So. 2d 370, 372 (Fla. 4th
DCA 1996). However, it can also be a nonmarital asset if marital effort or
assets are not used in so enhancing its value. *See, e.g.*, *Oxley v. Oxley*,
695 So. 2d 364, 367-68 (Fla. 4th DCA 1997). The question raised in this
appeal is whether the husband exerted the sort of "effort" required to move
the appreciation value from the nonmarital category to the marital one.

The details of our prior case law make the answer to that question
quickly apparent. In *Robbie v. Robbie*, 654 So. 2d 616 (Fla. 4th DCA 1995),
we held that the appreciation of stock owned by the general manager of
the Miami Dolphins—a business enterprise run largely by the husband's
family—was a marital asset. *Id.* at 617. Similarly, in *Pagano*, we held the
same with regards to the appreciation of stock owned by the president and
operations manager of a family wholesale plumbing supply business.
*Pagano*, 665 So. 2d at 371-72. In *Minton v. Minton*, 698 So. 2d 936 (Fla.
4th DCA 1997), we again held that the appreciation of stock from a family-
owned business for which the husband was chief operating officer of two
subsidiaries and vice president of two others was a marital asset. *Id.* at
369-97. The pattern here is clear.

The case at bar demonstrates neither of the key features in the cases
described. Kiewit is not a business enterprise owned or run by the
husband's family. Nor was the husband in a position of significant
authority in the company. Although he had some supervisory
responsibility, the most reasonable description of his position would seem
to be "middle manager."

As was the case in *Oxley*, we today avoid a holding that "would
effectively make all spouses partners in the increased value of all
nonmarital assets that does not result from passive appreciation." *Oxley*,
695 So. 2d at 368. Instead, we hold that, because the wife failed to
establish that the husband occupied a significant management role in
Kiewit, the appreciation of the Kiewit stock was not due to active effort and

is therefore not a marital asset.[1]  We fail to see how the rule proposed by the wife—that all appreciation of the stock of a company for which a spouse works is a marital asset—would not force the trial courts to determine exactly how much of the increase in value of a multi-national corporation each and every hourly employee was responsible for.  "Such a significant expansion . . . is better left to the legislature to consider."  *Id.*

## II.  Steps Required to Reestablish Contact

Timesharing determinations are reviewed for abuse of discretion.  *Castillo v. Castillo*, 950 So. 2d 527, 528 (Fla. 4th DCA 2007).  "'Discretion . . . is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.'"  *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980) (quoting *Delno v. Mkt. St. Ry. Co.*, 124 F.2d 965, 967 (9th Cir. 1942)).

The failure to "set forth any specific requirements or standards" for the alleviation of timesharing restrictions is error.  *Ross v. Botha*, 867 So. 2d 567, 571 (Fla. 4th DCA 2004).  This applies to both the prevention of timesharing altogether and to restrictions.  *Hunter v. Hunter*, 540 So. 2d 235, 238 (Fla. 3d DCA 1989).  "Essentially, the court must give the parent the key to reconnecting with his or her children.  An order that does not set forth the specific steps a parent must take to reestablish time-sharing, thus depriving the parent of that key, is deficient . . . ."  *Grigsby v. Grigsby*, 39 So. 3d 453, 457 (Fla. 2d DCA 2010); *see also Davis v. Lopez-Davis*, 162 So. 3d 19, 21 (Fla. 4th DCA 2014) (quoting *Grigsby* in holding judgment was deficient in not setting forth the steps father needed to take in order to establish time sharing).

The court here did not provide specific steps or a key.  In fact, the court

---

[1] We acknowledge that the wife also mentions the Florida Supreme Court's decision in *Kaaa v. Kaaa*, 58 So. 3d 867 (Fla. 2010), but we find this mention to be unpersuasive here for two reasons.  First, the wife does not explain exactly why she believes *Kaaa* would compel a reversal here given the facts as found, instead focusing on an evidentiary issue that we affirm without further discussion.  *See E & I, Inc. v. Excavators, Inc.*, 697 So. 2d 545, 547 (Fla. 4th DCA 1997) (requiring the appellant to make error clear).  Second, without further development from the parties, we are unable to say with certainty that *Kaaa* cannot be distinguished.  There, the court ignored any interest payments that might have been made on a loan, focusing only on the reduction of the principal.  *Kaaa*, 58 So. 3d at 869.  Here, the trial court found that the only payments made went towards the interest and the principal was never reduced.  Per *E & I*, we decline to express an opinion on whether this distinction makes a difference.

4

explicitly said that it would "disappoint mom's attorney" and would not give "a magical answer." Instead, the court suggested that the wife "do what she thinks is best for herself and her son" and indicated that the supervised condition might be dropped when "some combination of" the wife, the husband, and the child, as well as unspecified "health care providers," thinks it is a good idea to do so. This is not enough to allow "the parent [to] know[] what is expected" or to allow "any successor judge [to] monitor[] the parent's progress." *Grigsby*, 39 So. 3d at 457.

We do not mean to suggest that the trial court was obligated to set out every minute detail of the steps to reestablish unsupervised timesharing. However, if the trial court determines that anger management therapy or a substance abuse program, for example, would be more appropriate than merely general counseling, it must so specify, along with a timeframe. *See Forssell v. Forssell*, Nos. 4D15-502 & 4D15-730 (Fla. 4th DCA Jan. 6, 2016) (citing to *Ross*, *Grigsby*, and *Hunter* in concluding that the trial court "abused its discretion in failing to set forth . . . the steps the father must take to re-establish time-sharing" and noting that, "[o]n remand, the trial court may consider the need for a psychological evaluation, a parenting course, and/or an anger management course before the father may resum[e] time-sharing"). The requirement is for the wife to walk out of the courtroom knowing that if she satisfactorily accomplishes relatively specific tasks, she will be able to reestablish unsupervised timesharing. "[A]bsent such benchmarks being identified by the trial court, the 'temporary' nature of the suspension of the [wife's] timesharing will become illusory." *Grigsby*, 39 So. 3d at 457 n.1.

## Conclusion

For the reasons given above, the judgment of the trial court is reversed and remanded for the limited purpose of providing the wife with the steps required to reestablish contact with her child. We believe that modification of the order is possible from the record alone and do not suggest that a new trial is necessary. In all other respects, the judgment of the trial court is affirmed.

*Affirmed in Part and Reversed in Part.*

WARNER, STEVENSON and FORST, JJ., concur.