DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL JOSEPH MOORE,**
Appellant,

v.

**LAUREN ASHLEY YAHR,**
Appellee.

No. 4D15-1757

[May 11, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. FMCE 14-007369.

Gerald W. Adams of Florida Family Law Clinic LLC, Fort Lauderdale, for appellant.

Catherine L. Roselli, Fort Lauderdale, for appellee.

GERBER, J.

The father appeals from the circuit court's final judgment of paternity in which the court ordered that the father's timesharing with his child be supervised. The father argues that the order is deficient in four respects: (1) it fails to set forth specific steps by which the father may establish unsupervised timesharing; (2) it improperly delegates to the supervisor the choice of location for the supervised timesharing; (3) it improperly makes him solely responsible for the costs of supervision; and (4) it is not based upon competent, substantial evidence.

On the second and fourth arguments, we affirm without discussion. On the first and third arguments, we reverse, as discussed below.

On the father's first argument, we recently reversed a similar judgment "insofar as it failed to provide the specific steps required for the wife to reestablish contact with her child beyond supervised timesharing." *See Witt-Bahls v. Bahls*, No. 4D14-152, 2016 WL 1587413, at *1 (Fla. 4th DCA Apr. 20, 2016). We reasoned:

The failure to set forth any specific requirements or standards for the alleviation of timesharing restrictions is error. This applies to both the prevention of timesharing altogether and to restrictions. "Essentially, the court must give the parent the key to reconnecting with his or her children. An order that does not set forth the specific steps a parent must take to reestablish time-sharing, thus depriving the parent of that key, is deficient . . . ." *Grigsby v. Grigsby*, 39 So. 3d 453, 457 (Fla. 2d DCA 2010) . . . .

. . . .

We do not mean to suggest that the trial court was obligated to set out every minute detail of the steps to reestablish unsupervised timesharing. However, if the trial court determines that anger management therapy or a substance abuse program, for example, would be more appropriate than merely general counseling, it must so specify, along with a timeframe. The requirement is for the [parent] to walk out of the courtroom knowing that if [he or] she satisfactorily accomplishes relatively specific tasks, [he or] she will be able to reestablish unsupervised timesharing. "[A]bsent such benchmarks being identified by the trial court, the 'temporary' nature of the suspension of the [parent's] timesharing will become illusory." *Grigsby*, 39 So. 3d at 457 n.1.

*Witt-Bahls* at 4-5 (other internal citations and quotation marks omitted).

Consistent with *Witt-Bahls*, we reverse the final judgment here and remand for the circuit court to amend the final judgment to provide the father with the specific steps required to establish unsupervised timesharing. As no transcript exists of the hearing which led to the final judgment, another hearing on this issue may be necessary. *Cf. id.* at 5 ("We believe that modification of the order is possible from the record alone and do not suggest that a new trial is necessary.").

On the father's third argument, the mother concedes that "[u]nder Florida law, the [father] is correct that the trial court should normally treat the costs of supervision as part of the child support calculations." We agree with that statement, which is consistent with our sister court's holding in *Perez v. Fay*, 160 So. 3d 459 (Fla. 2d DCA 2015):

2

Also troubling is the portion of the amended supplemental final judgment that requires the Mother to be solely responsible for the costs of her supervised time-sharing, thus tying her visitation with her daughter to her financial status. As this court has stated, a parent's visitation rights may not be conditioned on the payment of the parent's financial obligations. Instead, *the expenses of visitation are part of the parties' childrearing expenses that must be addressed as part of the parties' child support obligations.*

Here, the amended supplemental final judgment implicitly conditions the Mother's time-sharing on her payment of the time-sharing supervisor by making her solely responsible for payment of the time-sharing supervisor's charges. While the Father contends that the judgment does not directly condition time-sharing on payment, we cannot help but note that the judgment gives the time-sharing supervisor the discretion to set the time-sharing schedule and to unilaterally suspend it. The reality of these two provisions is that the Mother's time-sharing with her daughter will simply not occur unless she pays the time-sharing supervisor. Therefore, this portion of the final judgment must also be reversed.

*Id.* at 466 (emphasis added; internal citations, quotation marks, and brackets omitted).

Consistent with *Perez*, because the final judgment here implicitly conditions the father's timesharing on his payment of the timesharing supervisor by making him solely responsible for payment of the timesharing supervisor's charges, we also must reverse this portion of the final judgment, and remand for the circuit court to amend the final judgment accordingly. Again, as no transcript exists of the hearing which led to the final judgment, another hearing on this issue may be necessary.

*Affirmed in part, reversed in part, and remanded with directions.*

STEVENSON and LEVINE, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

3