MAY, J.
. .This case returns to us from a remand to the trial court to identify specific steps to be undertaken by the mother to obtain unsupervised visitation with her son. Witt-Bahls v. Bahls, 193 So.3d 35 (Fla. 4th DCA 2016). Once again, we must reverse and remand with direction that the trial court provide the mother with specific conditions to be satisfied and a time frame within which to complete them. The court’s order, requiring the child’s therapist to approve unsupervised visits before that condition is removed is deficient.
The parties’ 2013 final judgment required that the mother’s visitation be supervised. Our opinion reflects that the trial court refused to give the mother “a magical answer” about how to remove the supervision component.. Instead, the court suggested that.the mother “do what she thinks is best for herself and her son” and the supervised condition of her visitation would be eliminated when some combination of the mother, father, child, and unspecified “health care providers” think it is a good idea. We reversed and remanded the case because the order did not set forth the specific acts the mother was required to take to re-establish. timesharing *208 or to allow a successor judge to monitor the parent’s progress. Id. at 38-39 (citing Grigsby v. Grigsby, 39 So.3d 453, 457 (Fla. 2d DCA 2010)). We noted that modification of the order was possible from the record alone and did not require a new trial. Bahls, 193 So.3d at 39.
Within two weeks of our decision on rehearing[1], the mother moved to remove the supervised nature of her visitation with her son. She provided the court with information about what she had done since the 2013 final judgment. She completed a ten-session counseling course, a co-parenting course, and received favorable reports from her paid supervisor of visitation.
During the hearing the mother’s attorney advised the court of the mother’s progress and requested “a definite idea of the steps the mother has to také to remove” the supervised nature of her visitation. The court discussed the counseling issue with the parties. The mother advised that her son was attending counseling, but the father had not shared any information with her.
The father confirmed the child was seeing the therapist monthly; he was trying to increase the visits. During this discussion, the court learned the current therapist had replaced a prior therapist, who would not continue to see their son because of the mother’s “interference with the sessions.” The parties discussed how the new therapist was chosen; it was not an amicable process. The mother stated that she had selected a name out of three given to her, but heard nothing until her son mentioned his new therapist. The child had seen the new therapist for about six or seven months.
The court was quite familiar with the case and believed that the parties had moved more toward 50/50 timesharing, but was aware of subsequent issues with various visitation supervisors. The court asked the father to comment on the mother’s request to lift the supervised nature of her visitation. The father noted that several of the timesharing supervisors had quit for various reasons, mostly attributable to the mother.
He also noted periods of effective co-parenting. When the court asked the father for input about supervision, he told the court that the mother needed to: (1) admit her wrongs, (2) obtain counseling, (3) not miss supervised visits because of her disagreement with the supervisor(s), (4) stop manipulating the supervisors, and (5) continue an effective co-parenting course.
The court then entered the order now on appeal, which requires the child’s therapist to approve unsupervised visits. The judge advised the mother that she could move to appoint a different therapist for the child if the mother did not approve of the current therapist or was unable to speak with the child’s therapist.
The mother argued that the court’s ruling did not comply with our opinion, and left the continued supervised nature of her visitation solely in the hands of the child’s therapist. The mother and her attorney questioned how the child’s therapist could make a recommendation without meeting with the mother and questioned whether he could ethically do so.
The court explained that it would revisit the issue if the mother’s concerns proved true. The trial court believed its ruling injected the needed specificity required by our opinion. Unfortunately, it did not.
“Timesharing determinations are reviewed for abuse of discretion.” Bahls, 193 So.3d at 38 (citing Castillo v. Castillo, 950 So.2d 527, 528 (Fla. 4th DCA 2007)). The mother’s point is well taken. See, e.g., *209 Niekamp v. Niekamp, 173 So.3d 1106, 1108 (Fla. 2d DCA 2015).
First, our prior opinion specifically directed the trial court to articulate “the steps required [for the mother] to reestablish contact with her child.” Bahls, 193 So.3d at 39. We noted that such conditions might include anger management, specific types of therapy, and should suggest a time frame. Id.
Second, the new order fails to provide the mother with the key to reconnecting with her son. As we previously indicated, “[t]he requirement is for the [mother] to walk out of the courtroom knowing that if she satisfactorily accomplishes relatively specific tasks, she will be able to reestablish unsupervised timesharing.” Id. (citing Grigsby, 39 So.3d at 457 (Fla. 2d DCA 2010)).
The trial court’s order now places the restriction of supervised visitation solely in the hands of the child’s therapist, a person with whom the mother has no contact. This is insufficient. Perez v. Fay, 160 So.3d 459, 466 (Fla. 2d DCA 2015) (“[T]he trial court cannot delegate its authority to another person-to rule oh the visitation details.”).
For these reasons, we reverse and remand the case to the trial court. On remand, the trial court is directed to specifically enumerate the conditions which the mother must satisfy to obtain unsupervised visitation. If those conditions require the recommendation of a therapist, then the court is directed to set a time certain to obtain a report from that therapist.

Reversed and Remanded.

CIKLIN, C.J., and CONNER, J., concur.

. The opinion on rehearing withdrew the initial February 3, 2016 opinion.