NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


HUONG THANH CURIALE,         )
                                      )
        Appellant,        )
                                      )
v.                            )        Case No. 2D16-5587
                                      )
MICHAEL CURIALE,           )
                                      )
        Appellee.         )
                                      )

Opinion filed June 9, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Collier County;
Mary C. Evans, Judge.

Shayna K. Cavanaugh of Law Office of
Shayna K. Cavanaugh, P.A., Naples, for
Appellant.

Holly A. Rice of Ross, Lanier, & Deifik, P.A.,
Naples, for Appellee.


VILLANTI, Chief Judge.

Huong Thanh Curiale (the Mother) seeks review of the order denying her

verified emergency motion to modify the temporary time-sharing order relating to her

children with Michael Curiale (the Father). To the extent that the trial court denied the

Mother's request for a change in the time-sharing schedule at this time, we affirm

without further discussion. However, because the order denying relief does not identify

the specific steps that the Mother must take to regain unsupervised time-sharing with her children, we must reverse and remand for the trial court to identify such steps.

When the parties initially filed for dissolution of their marriage, the court granted them roughly equal time-sharing with their children. During the course of the proceedings, time-sharing between the children and the Father was temporarily suspended based on certain allegations made by the Mother; however, after these allegations were determined to be unfounded, the court ordered that the parties return to roughly equal time-sharing. Despite this order, the Mother actively took steps to continue to prevent the Father from seeing the children. Based on these actions, the trial court found the Mother in contempt, transferred primary residential custody to the Father, and permitted the Mother supervised time-sharing only. The Mother did not appeal the contempt order.

As part of the contempt order, the trial court required the parties to undergo a social evaluation. After the social evaluation was completed, the Mother filed an emergency verified motion to modify the temporary order so that she could return to having unsupervised time-sharing with her children. Following an evidentiary hearing, the trial court denied this motion. However, the court did not identify, either on the record or in the written order, what steps the Mother would have to take to reestablish unsupervised time-sharing with her children. This Mother argues that this failure renders the order legally deficient. We agree.

As this court has explained:

"Although termination of visitation rights is disfavored, . . . the trial court has discretion to restrict or deny visitation when necessary to protect the welfare of the children." Hunter v. Hunter, 540 So. 2d 235, 238 (Fla. 3d DCA 1989).

> However, when the court exercises this discretion, it must clearly set forth the steps the parent must take in order to reestablish time-sharing with the children. Id.; see also Ross v. Botha, 867 So. 2d 567, 571 (Fla. 4th DCA 2004). Essentially, the court must give the parent the key to reconnecting with his or her children. An order that does not set forth the specific steps a parent must take to reestablish time-sharing, thus depriving the parent of that key, is deficient because it prevents the parent from knowing what is expected and prevents any successor judge from monitoring the parent's progress. See Ross, 867 So. 2d at 571.

Grigsby v. Grigsby, 39 So. 3d 453, 456-57 (Fla. 2d DCA 2010) (alteration in original) (emphasis added); see also Perez v. Fay, 160 So. 3d 459, 466-67 (Fla. 2d DCA 2015). The steps necessary to reestablish time-sharing will be different in each case because they should be designed to assist the parent in remedying the problems that led to the parent losing time-sharing in the first place. And while a trial court that has identified such steps maintains the discretion to determine whether the parent has made sufficient progress to warrant restoration of time-sharing, the trial court does not have discretion at the outset to refuse to tell a parent what he or she must do to restore full parental rights.

Here, as the Father properly concedes, the trial court's order does not set forth the specific steps the Mother must take in order to reestablish unsupervised time-sharing with the children. Therefore, we reverse the trial court's order to the extent that it fails to include such steps. On remand, the trial court must issue a new order setting forth the steps the Mother must take to reestablish unsupervised time-sharing.

Affirmed in part, reversed in part, and remanded with instructions.

SILBERMAN and LUCAS, JJ., Concur.

- 3 -