IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RACHEL D. DUKES, F/K/A
RACHEL D. GRIFFIN,
FORMER WIFE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

CASE NO. 1D16-4883

v.

TIMOTHY R. GRIFFIN,
FORMER HUSBAND,

     Appellee.

_____/

Opinion filed October 11, 2017.

An appeal from the Circuit Court for Union County.
Stanley H. Griffis, Judge.

Cynthia Stump Swanson of Swanson Law Center, P.A., Gainesville, for Appellant.

Timothy R. Griffin, pro se, Appellee.

OSTERHAUS, J.

     In this family law case, Rachel D. Dukes appeals on multiple grounds a final

judgment modifying primary residency and the terms of time-sharing with respect

to the parties' minor child. We affirm on all the issues, including the claim that the

trial court committed reversible error by failing in the final judgment to set forth specific steps by which Ms. Dukes might reestablish majority time-sharing for the child. Section 61.13(3), Florida Statutes, provides a way for parents like Ms. Dukes who are dissatisfied with a parenting plan's time-sharing provisions to have them modified. Outside of satisfying the statute's requirements, however, the law doesn't authorize courts, much less require them, to set forth another way, or other steps, for parents to modify unsatisfactory time-sharing schedules. And so we affirm the final judgment below.

I.

After the parties in this case were divorced in 2010, they created their own parenting plan for their child, sharing parental responsibility. The child would primarily reside with Ms. Dukes, but spend alternate weekends and some holiday and summer time with Appellee Timothy Griffin, the former husband. The next six years proved rocky for that parenting and timesharing plan. The parties petitioned the trial court again-and-again to resolve time-sharing issues, contempt motions, modification petitions, and the like. Among these filings, Mr. Griffin sought in March 2016 to have the trial court permanently award him majority time-sharing. This was after contempt orders had been entered against Ms. Dukes for failing to abide by the established time-sharing schedule and after the court had admonished Ms. Dukes that her failure to abide by the schedule could lead to a modification of

2

the child's primary residence and time-sharing schedule. The trial court held a hearing on Mr. Griffin's modification petition and ultimately granted it. It found a substantial, material, unanticipated, and permanent change in the parties' circumstances and that the child's best interest (based on the factors listed in § 61.13(3), Florida Statutes) would be served by a change in primary residence and time-sharing arrangements. The court awarded shared parental responsibility. But flipping the script, it awarded primary residence and majority time-sharing to Mr. Griffin and pared Ms. Dukes' time-sharing to weekends, holidays, and summers. This appeal followed after the court denied Ms. Dukes' rehearing motion.

II.

The appellate court reviews the modification of a final dissolution of marriage judgment, including changes to primary residence and majority time-sharing, for abuse of discretion. *See Jannotta v. Hess*, 959 So. 2d 373, 374 (Fla. 1st DCA 2007). In this case, we affirm on all the issues raised by Ms. Dukes' appeal and write only to address her claim that the trial court committed reversible error by failing to set forth steps in the final judgment by which Ms. Dukes could reestablish majority time-sharing.

Ms. Dukes is correct that other district courts in similar modification cases have required trial courts to set forth specific steps and requirements by which a parent can restore reduced time-sharing and eliminate time-sharing restrictions. *See,*

3

*e.g., Perez v. Fay,* 160 So. 3d 459, 466-67 (Fla. 2d DCA 2015); *Witt-Bahls v. Bahls*, 193 So. 3d 35, 38-39 (Fla. 4th DCA 2016). But we can find no statutory basis for requiring trial courts to do so. Ms. Dukes' argument and the cases she identifies cite no underlying law requiring trial courts to enumerate steps for dissatisfied parties to re-modify time-sharing schedules, alleviate time-sharing restrictions, or regain primary residence and majority time-sharing. What is more, vesting authority in the courts to establish such steps appears contrary to § 61.13(3), Florida Statutes, which sets forth its own specific requirements for modifying parenting plans, including time-sharing schedules. The trial court below entered final judgment in accordance with this very statute. And it isn't this court's place to undercut the statute by introducing a parallel, judicially created process or means by which dissatisfied parents can require courts to re-modify a parenting plan or time-sharing schedule.

So here, for instance, Ms. Dukes can seek to modify the present plan, including the time-sharing schedule for her child, by filing a petition under § 61.13(3) and satisfying the statute's conditions. This is exactly how Mr. Griffin had the previous parenting plan modified in this case. But short of filing such a petition and meeting the statute's requirements, we cannot conclude that Ms. Dukes is owed a list of alternative steps, created ad hoc by the trial court, to facilitate her quest to reestablish majority time-sharing.

4

We recognize that our holding is at odds with some other district court cases. So we certify conflict with *Perez,* 160 So. 3d 459, *Witt-Bahls*, 193 So. 3d 35, and other cases addressing this issue.[1]

## III.

The final judgment entered below is AFFIRMED.

ROBERTS and M.K. THOMAS, JJ., CONCUR.

---

[1] *See, e.g., Whissell v. Whissell*, 2017 WL 2983285 (Fla. 4th DCA 2017); *Davis v. Davis-Lopez*, 162 So. 3d 19, 21 (Fla. 4th DCA 2014); *Grigsby v. Grigsby*, 39 So. 3d 453, 457 (Fla. 2d DCA 2010); *Ross v. Botha*, 867 So. 2d 567, 571 (Fla. 4th DCA 2004). Some older cases also get cited as precedent for the rule discussed in this opinion, but address a different issue along the lines of requiring that orders be specific and unambiguous when they impose time-sharing limitations. *See, e.g., Hunter v. Hunter*, 540 So. 2d 235, 238 (Fla. 3d DCA 1989); *Wheeler v. Wheeler*, 501 So. 2d 729, 730 (Fla. 1st DCA 1987); *Beaman v. Beaman*, 393 So. 2d 19, 20 (Fla. 3d DCA 1980). These older cases do not hold that final judgments modifying time-sharing arrangements must include court-specified steps for dissatisfied parents to regain more favorable terms.