NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

T.D., )
 )
   Appellant, )
 )
v. )  Case No. 2D18-4291
 )
K.F., )
 )
   Appellee. )
_____)

Opinion filed November 8, 2019.

Appeal from the Circuit Court for Lee
County; Nicholas Thompson, Judge.

T.D., pro se.

K.F., pro se.

VILLANTI, Judge.

   In this paternity action, T.D. (the Mother) appeals the order granting the

"Supplemental Petition To Modify Parental Responsibility, Visitation, Or Parenting

Plan/Time-Sharing Schedule And Other Relief" filed by K.F. (the Father).  We agree

with the Mother that the trial court's order is deficient to the extent that it does not

identify the steps the Mother must take to regain unsupervised contact with her child in

Orange County, and we therefore reverse and remand for the trial court to make

additional findings and enter an amended order on this single issue. In all other respects, we affirm.

The record before this court shows that the Mother and Father were unmarried, but living together, when the child was born and for several months thereafter. When the child was a few months old, the Mother relocated with the child from Lee County to Orange County. The Father, who was named on the child's birth certificate, quickly filed a paternity action seeking a judgment on parental responsibility and time-sharing and a determination of child support. The original paternity judgment, which was rendered on April 3, 2014, gave the parties shared parental responsibility and rotating time-sharing, and it ordered the Father to pay child support.

On February 28, 2017, the Father filed a supplemental petition to modify parental responsibility, time-sharing, and visitation. The impetus for the filing was an investigation of the Mother by the Department of Children and Families (DCF), which was based on allegations of inappropriate sexual activity and drug usage in the presence of the child. While the trial court initially denied several motions for emergency pick-up orders because of DCF's involvement and supervision, on February 13, 2018, the trial court granted the Father's emergency motion for temporary custody, and the child has been living with the Father since that date.

The evidentiary hearing on the Father's supplemental petition was held on March 13, 2018. At the conclusion of the hearing, the court entered a temporary order that required the parties to continue to follow the safety plan that was in place from DCF. The court ordered that the child remain primarily with the Father but also permitted the Mother to have time-sharing with the child so long as it was supervised by

either of two relatives. This temporary order did not restrict where the Mother's time-sharing could be held.

On August 23, 2018, the trial court entered the final order granting the Father's supplemental petition. In the final order, the court gave the Father primary parental responsibility for the child and made him the primary residential parent. As to time-sharing, the final order modified the temporary order by permitting the Mother to have unsupervised time-sharing with the child, but it limited the location of her time-sharing to Lee County. The final order contains no explanation for this modification of the nature and location of the Mother's time-sharing, and it provides no steps for the Mother to follow to regain any time-sharing—whether supervised or not—with the child in Orange County. The Mother now brings this appeal, contending, among other things, that the order is erroneous because it does not include any guidance on the steps she must take to regain time-sharing with the child in Orange County.[1] We agree that this error requires reversal for further proceedings.

This court has repeatedly held that when a trial court modifies a parenting plan to restrict one parent's right to time-sharing, the court must "identify 'concrete steps' in the final judgment that the parent must take to reestablish time-sharing." Perez v. Fay, 160 So. 3d 459, 467 (Fla. 2d DCA 2015) (quoting Grigsby v. Grigsby, 39 So. 3d

---

[1]The Mother also argued in her initial brief that the order on the Father's supplemental petition is not supported by the evidence presented at the hearing. However, no court reporter was present at the evidentiary hearing on the Father's petition, no transcript of the hearing is available to this court, and no statement of the evidence was prepared. See Fla. R. App. P. 9.200(b)(5). Because of this, we cannot review the Mother's claims alleging the various ways in which she contends that the trial court's order is not supported by the evidence. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979).

453, 457 (Fla. 2d DCA 2010)); see also Curiale v. Curiale, 220 So. 3d 554, 555 (Fla. 2d DCA 2017). As we noted in those cases,

> the court must give the parent the key to reconnecting with his or her children. An order that does not set forth the specific steps a parent must take to reestablish time-sharing, thus depriving the parent of that key, is deficient because it prevents the parent from knowing what is expected and prevents any successor judge from monitoring the parent's progress.

Perez, 160 So. 3d at 467 (quoting Grigsby, 39 So. 3d at 457). Essentially, we have required the trial court to identify what the parent must do to return to the time-sharing he or she enjoyed before the court entered the order that modified time-sharing.[2]

Here, as in both Perez and Grigsby, the trial court's order places new restrictions on the Mother's time-sharing, and yet it does not identify what steps the Mother must take to reestablish the time-sharing that she had before entry of the order. Because the trial court imposed new restrictions on the Mother's time-sharing, it was required to identify the steps the Mother must take to be able to return to having time-sharing with her child in Orange County. The trial court's failure to do so constitutes reversible error on the face of the judgment.

Because we must remand for further proceedings on this issue, we take this opportunity to note the contours of what is expected. As the supreme court noted almost forty years ago, "it is impossible to establish strict rules of law for every conceivable situation which could arise in the course of a domestic relation proceeding. The trial judge can ordinarily best determine what is appropriate and just because only

---

[2]We recognize that the First District has held to the contrary in Dukes v. Griffin, 230 So. 3d 155, 156 (Fla. 1st DCA 2017). We therefore certify conflict with Dukes.

he can personally observe the participants and events of the trial." Canakaris v. Canakaris, 382 So. 2d 1197, 1202 (Fla. 1980). Hence, there are no hard and fast rules for what steps the trial court must order in any given case. Instead, the trial court must attempt to balance the "longstanding and fundamental liberty interest of parents in determining the care and upbringing of their children free from the heavy hand of government paternalism," Beagle v. Beagle, 678 So. 2d 1271, 1275 (Fla. 1996) (quoting Padgett v. Dep't of Health & Rehab. Servs., 577 So. 2d 565, 570 (Fla. 1991)), against the best interests of the child, see § 61.13(2)(c), Fla. Stat. (2018) (providing that the best interests of the child are paramount when considering time-sharing and parental responsibility). To maintain this balance when the trial court has modified one parent's time-sharing to be more restrictive than it previously was, the court must not only identify the specific steps the parent must take to regain the prior time-sharing but it must also ensure that those steps are designed to address and correct the specific deficiencies that led to the modification. See Curiale, 220 So. 3d at 555 ("The steps necessary to reestablish time-sharing will be different in each case because they should be designed to assist the parent in remedying the problems that led to the parent losing time-sharing in the first place."); see also Witt-Bahls v. Bahls, 193 So. 3d 35, 39 (Fla. 4th DCA 2016) (suggesting that a court could identify anger management therapy or substance abuse counseling as steps a parent might take to reestablish time-sharing in an appropriate case); Forssell v. Forssell, 188 So. 3d 880, 881 (Fla. 4th DCA 2016) (suggesting that the court could, on remand, "consider the need for a psychological evaluation, a parenting course, and/or an anger management course before the father

may resume time-sharing").  In this way, the parent gains the key to reconnecting with his or her children in the manner that existed before the modification.

Here, because the order that modified the Mother's time-sharing did not identify any steps that the Mother could take to regain her former time-sharing with her child, we reverse and remand for further proceedings on this single issue.  In all other respects, we affirm.

Affirmed in part; reversed in part; remanded for further proceedings; conflict certified.


LUCAS, J., Concurs in result only.
ROTHSTEIN-YOUAKIM, J., Concurs specially with opinion in which LUCAS, J., Concurs.


ROTHSTEIN-YOUAKIM, Judge, Specially concurring.

I concur in the result based on our precedent.  I am troubled, however, by our requirement that a trial court must "identify 'concrete steps' in the final judgment that the parent must take to reestablish time-sharing."  Perez v. Fay, 160 So. 3d 459, 467 (Fla. 2d DCA 2015) (quoting Grigsby v. Grigsby, 39 So. 3d 453, 457 (Fla. 2d DCA 2010)).  Section 61.13(3), Florida Statutes, provides that modification of a time-sharing schedule requires, in part, "a determination that the modification is in the best interest of the child"—a determination that "shall be made by evaluating all of the factors affecting the welfare and interests of the particular minor child and the circumstances of that family."  The section then goes on to identify a nonexclusive list of twenty general considerations that may inform that determination.

Accordingly, to the extent that our precedent suggests that a parent wishing to reestablish time-sharing need only jump through a couple of hoops and requires the trial court to specifically identify those hoops, I believe that it is contrary to the plain language of section 61.13(3). But as I am not writing on a clean slate and stare decisis binds me to follow it, I concur in the result here.

LUCAS, J., Concurs.