# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-0793
LT Case No. 2021-DR-000407

———————————————

JAMIE HERSHBERGER,

   Appellant,

   v.

STASH HERSHBERGER,

   Appellee.

———————————————

On appeal from the Circuit Court for Sumter County.
Michelle T. Morley, Judge.

Eduardo J. Mejias, of AAA Family Law, LLC, Altamonte Springs,
for Appellant.

Freya L. Mclain, of Crawford, Modica & Holt, Chartered
Attorneys at Law, Tavares, for Appellee.

July 12, 2024

WALLIS, J.

Jamie Hershberger ("Appellant") appeals a Final Judgment
of Dissolution of Marriage alleging that five errors were committed
by the trial judge. We affirm the decisions by the trial court with
regard to four of the alleged errors without comment. We reverse
the trial court's decision to delegate to Stash Hershberger

("Appellee"), and others, the responsibility to determine additional timesharing for Appellant.

Appellant argues that the trial court improperly delegated decision-making over the amount of present and future timesharing to others. She highlights the court's orders that "[t]he Father has the discretion to facilitate additional time-sharing between the children and their Mother, anywhere up to 50/50 time-sharing, at the children's request," and that Appellant participate in reunification therapy with the children "until the reunification counselor recommends overnight time-sharing."[1]

Florida law is clear that the delegation of judicial authority to decide timesharing to any person is error, whether that person is an arbitrator, another parent, a child, or an expert. *See, e.g.*, *Lovell v. Lovell*, 14 So. 3d 1111, 1114 (Fla. 5th DCA 2009) "([T]he trial court cannot delegate its authority to another person to rule on the visitation details."); *McCallister v. Shaver*, 633 So. 2d 494, 496 (Fla. 5th DCA 1994) (en banc) (reversing denial of modification request for visitation by non-custodial parent; although final judgment incorporated parties' agreement that gave wife sole parental responsibility and was silent as to husband's visitation, trial court was not bound by agreement and should have addressed husband's right to visitation in modification proceeding). Additionally, section 61.13(2)(c), Florida Statutes (2022), states, "[[t]he court shall determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child." Delegating this responsibility to the Appellee violates the plain language of this statute.

We are not persuaded by Appellee's argument that the delegation in this case is not in error because the trial court established a baseline timesharing schedule. Caselaw applies the general rule to partial delegations as well. *See Allyn v. Allyn*, 351 So. 3d 1228, 1229 (Fla. 2d DCA 2022) (affirming modification order

---

[1] Appellant does not challenge one additional delegation, in which the court stated that "[f]or a period of 9 months following entry of this Final Judgment, Wife's parenting time may occur by phone at the children's discretion."

2

that reduced mother's overall amount of timesharing and eliminated overnight timesharing, except portion ordering parents to defer to therapist about expanding timesharing in summer); *Subramanian v. Subramanian*, 239 So. 3d 719, 721 (Fla. 4th DCA 2018) (holding trial court did not abuse discretion by conditioning increased timesharing on successful completion of parenting courses and therapy, but erred by delegating authority to determine additional visitation to therapists and guardian ad litem); *Witt-Bahls v. Bahls*, 203 So. 3d 207, 209 (Fla. 4th DCA 2016) (reversing order delegating decision to grant unsupervised visitation to child's therapist); *Clark v. Clark*, 35 So. 3d 989, 990 n.1 (Fla. 5th DCA 2010) (holding trial court's directive that if minor child desired to spend more time (or less time) with former wife, then child shall be allowed to do so "improperly places decisions with regard to visitation in the hands of the child"); *Lovell*, 14 So. 3d at 1114 (reversing portion of order prohibiting former husband from exposing children to his new wife "until such time as the children's therapist . . . deems it appropriate"); *cf. Lewis v. Lewis*, 665 So. 2d 322, 324 (Fla. 4th DCA 1995) (holding timesharing schedule awarding husband visitation every other weekend, telephone contact during the week, and half of every summer, was reasonable, thus the "mere fact that the trial court, in addition to the reasonable court-ordered visitation, made allowances for the parties to agree to additional visitation times does not place visitation under the wife's control"). *But see cf. In re H.T.*, 204 So. 3d 120, 121 (Fla. 2d DCA 2016) (stating guardianship order that awarded parent one hour per week of supervised visitation, with additional supervised and unsupervised visitation at guardian's discretion, comported with section 39.6221(2)(c) because it did not leave frequency and nature of parent's visitation to guardian's "complete discretion").

We reverse the Final Judgment and Timesharing Plan to the extent it delegates the decision regarding additional timesharing to others and remand with instructions for the court to make these decisions.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

BOATWRIGHT and MACIVER, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––