# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0706
Lower Tribunal No. 21-13484-FC-04
_____

**Rajkishore Gorla,**
Appellant,

vs.

**Avneet Kaur Vig,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz Cohen, Judge.

Nancy A. Hass P.A., and Nancy A. Hass (Hollywood), for appellant.

Florida Appeals and, William D. Palmer, Robert Scavone Jr., and Shannon McLin (Orlando), for appellee.

Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

In this high-conflict family case, appellant, the husband, challenges a final judgment dissolving his marriage with appellee, the wife, and an order denying, in part, his motion for rehearing of the final judgment. On appeal, the husband raises several issues, including that the trial court abused its discretion in denying him extended overnight, weekend, holiday, and school recess timesharing, restricting his current timesharing, and ordering him to undergo and bear the costs associated with controlled substance testing and monitoring as a condition of timesharing. By way of a sagaciously reasoned, 85-page order, the trial court carefully weighed and considered the parties' competing evidence and arguments. Because the findings are supported by competent, substantial evidence, we discern no abuse of discretion and affirm in all respects, save the requirement that the husband alone bear the costs of testing and monitoring. See Salazar v. Blanco, No. 3D24-1588, 2025 WL 1572896, at *2 (Fla. 3d DCA June 4, 2025) ("This court applies a de novo standard of review where the trial court errs in the application of the law. Whether a court's timesharing and parenting plan determination is supported by competent substantial evidence is reviewed under an abuse of discretion standard.") (citation omitted); Alarcon v. Dagen, 388 So. 3d 157, 159 (Fla. 3d DCA 2023) ("We review an order on timesharing and parental responsibility for abuse of discretion."). Since the trial court conditioned the

husband's timesharing on compliance with these conditions, it was error to hold him solely responsible for the costs. See Frye v. Cuomo, 296 So. 3d 939, 942 (Fla. 4th DCA 2020) ("[B]ecause the final judgment explicitly conditions Former Husband's time-sharing on BAC testing, it was also error for the trial court to make him solely responsible for the cost of the BAC device.) (citing Moore v. Yahr, 192 So. 3d 544, 546–46 (Fla. 4th DCA 2016)); Perez-Palma v. Rodriguez, No. 3D24-0251, 2025 WL 1243302, at *1 (Fla. 3d DCA Apr. 30, 2025) ("We . . . reverse that part of the final judgment requiring Father to pay all costs of his supervised visits without prejudice to the trial court determining this issue as part of its adjudication of the child support issue."); Perez v. Fay, 160 So. 3d 459, 466 (Fla. 2d DCA 2015) ("[T]he expenses of visitation are part of the parties' childrearing expenses that must be addressed as part of the parties' child support obligations."). We therefore reverse the costs ruling with instructions to the trial court to treat them as part and parcel of the child support obligations. See Frye, 296 So. 3d at 942 ("On remand, the trial court shall treat the cost of the BAC device as part of the child support obligations.").

Affirmed in part; reversed in part; remanded.

3